DORA JOHNSTON, BY HER NEXT FRIEND, J. A. SMITH, *v.*
DAVID WALLACE ET AL.

1. ACKNOWLEDGMENT OF DEEDS BY MARRIED WOMEN.  *Certificate of
    acknowledgment.  How far it may be impeached.*
    It is not admissible for a married woman to attack a deed signed by her
    and her husband, and purporting to have been duly acknowledged
    by her before a competent officer, whose certificate of her acknowledgment is complete, and to avoid it by evidence that said acknowledgment was in fact made only in the presence of her husband.

2. CERTIFICATE OF ACKNOWLEDGMENT BY MARRIED WOMAN.  *Cannot be contradicted.*
    A deed having been signed by a husband and wife, and she having

appeared before an officer competent to take her acknowledgment and having acknowledged it in some manner, and he having certified on the deed that she had acknowledged on a private examination separate and apart from her husband, and that she had executed the deed freely and voluntarily, without any fear, threats or compulsion on the part of her husband, the truth of the certificate as to its statements cannot be questioned as against a *bona fide* purchaser.

3. DEED. *Certificate of acknowledgment of married women. How far impeachable.*

When a married woman has appeared before a competent officer, having signed a deed and acknowledged it, and he certifies a full compliance with the statute, his certificate, except in cases of fraud, is conclusive of the facts it asserts.

4. SAME. *Case distinguished from Allen v. Lenoir and Stone v. Montgomery.*

This case does not present the question whether the officer who made the certificate can testify to impeach it, which was settled in the negative in *Stone* v. *Montgomery*, 35 Miss. 83; nor the question whether a certificate of acknowledgment can be shown to be a fraud and forgery, which was decided in the affirmative in *Allen* v. *Lenoir*, *ante*, 321, and to that view the court adheres.

APPEAL from the Chancery Court of Rankin County.

Hon. T. B. GRAHAM, Chancellor.

Dora Johnston, by her next friend, J. A. Smith, her brother, filed this bill in chancery against her husband, Thomas H. Johnston, and David Wallace, asking an injunction to restrain David Wallace from enforcing a certain deed conveying the homestead on which she and her husband and children lived, and that on final hearing the injunction be made perpetual. The bill alleged that, on the 22d of May, 1874, Mrs. Johnston at first refused to sign the said deed to the homestead to David Wallace; but she finally did so because of threats made by her husband that, if she did not sign, he would have the house sold immediately to satisfy a deed of trust made by him years before to Morrison Crawford & Co., of New Orleans. But the representations were false in fact, and the alleged indebtedness to Morrison Crawford & Co. could not have been enforced. The bill further alleged that she was not examined as to her execution of the deed sought to be enjoined by the officer before whom her acknowledgment was taken, separate

and apart from her husband, but in his presence and in presence of the attorney of David Wallace.

The answer of David Wallace denied the charges as to the plaintiff's husband inducing her to sign the deed by misrepresentations; alleged that she came personally before the magistrate and made her acknowledgment; denied that any fraud was practised on her by Wallace to secure her acknowledgment; and stated that $1,000 was paid by Wallace to her husband on the faith of said deed, without knowledge or suspicion that there was any thing wrong about the acknowledgment.

Much testimony was taken, which established that the allegations of imposition and fraud practised on her by her husband were unfounded. But the allegation that she was not examined separate and apart from her husband was true, and not denied by the answer.

The Chancery Court decreed that the injunction be dissolved, and the bill dismissed, from which decree the case comes to this court.

*Robert Lowry*, for the appellant.

1. The signature of the wife to the deed was obtained by false and fraudulent statements and threats by her husband. The Chancellor erred on this question of fact.

2. The certificate of the officer taking the acknowledgment is false. Mrs. Johnston was examined in presence of her husband, not separate.

3. The act in relation to sale of homestead, Laws 1873, p. 78, provides, " It shall not be lawful for a married man to sell or otherwise dispose of his homestead without the consent of his wife, and no deed shall be valid unless the wife shall join, her acknowledgment to be taken as in other cases of acknowledgments of deeds by married women." This contemplates the acknowledgment prescribed by Code, § 2315.

4. A married woman may impeach the certificate of the officer, and show that the statements, as to her acknowledgment and private examination therein contained, are untrue. *Allen* v. *Lenoir*, *ante*, 321.

5. That the officer cannot impeach his certificate of acknowl-

edgment, as decided in the case of *Stone* v. *Montgomery*, 35 Miss. 83, has no bearing on the case at bar.

*Jayne & Buchanan*, for the appellees.

1. The proof shows that the signature of Mrs. Johnston to the deed was not obtained by fraud or threats on the part of her husband. She did it of her own accord.

2. The deed is not void because the acknowledgment was taken in presence of her husband. 26 Miss. 574, 575; *Bernard* v. *Elder*, 50 Miss. 343.

3. It cannot be shown by parol evidence that the certificate of acknowledgment is untrue, it being in the form required by the statute. *Jourdon* v. *Jourdon*, 9 S. & R. 268; *Elliott* v. *Peirsol*, 1 Pet. 328; *Jamison* v. *Jamison*, 3 Whart. 457; *Hayden* v. *Wescott*, 11 Conn. 131; 2 Conn. 527; 2 McCord, 1171; 12 Pet. 375; 4 Pick. 518; *Stone* v. *Montgomery*, 35 Miss. 83.

4. The testimony of the husband and wife alone (being all the evidence introduced on the point) is insufficient to overcome the *prima facie* case made by the certificate. *M'Neely* v. *Rucker*, 6 Blackf. (Ind.) 391, 475; Story on Contracts, 62, § 97; *Bissett* v. *Bissett*, 1 Harris & M'Henry, 211; *Harrel* v. *Elliot*, 2 Hayw. 68; *Scanlas* v. *Turner*, 1 Bailey (S. C.), 425; 3 Yerger, 548; 1 Greenl. Evid. § 86; *Colcord* v. *Swan*, 7 Mass. 291; 25 Miss. 71.

*Frank Johnston*, on the same side.

The certificate in this case is in conformity with the statute, and cannot be impeached merely by saying that the wife was not examined apart from her husband. *Baldwin* v. *Snowden*, 11 Ohio St. 203; 6 Texas, 216; *M'Neely* v. *Rucker*, 6 Blackf. (Ind.) 393; *Jamison* v. *Jamison*, 3 Whart. 468; 38 Penn. St. 336; *Hall* v. *Patterson*, 51 Penn. St. 290; *Louden* v. *Blythe*, 27 Penn. St. 25, 26; *Barnet* v. *Barnet*, 15 S. & R. 72; 1 Bishop on Married Women, 591. There is no pretence of fraud, duress, imposition or overreaching in this matter of the certificate. The proposition is to impeach the verity of the statement in the certificate, by the unsupported testimony of the wife and her husband.

There is no precedent where, on such a state of facts as is developed in this case, the deed was set aside.

CAMPBELL, J., delivered the opinion of the court.

We agree with the Chancellor in his conclusions upon the facts of this case.

The only legal question is, whether it is admissible for a married woman to attack a deed signed by her and her husband, and purporting to have been duly acknowledged by her before a competent officer, whose certificate of her acknowledgment is complete; and to avoid it by evidence that such acknowledgment was in fact made only in the presence of her husband.

This is a question of great importance which has not been decided in this State. In *Stone* v. *Montgomery*, 35 Miss. 83, the question was raised and much discussed by counsel, but was disposed of by the court by holding that the official who certified the acknowledgment was not a competent witness to prove that his certificate was not true; and as his testimony was the only evidence on the subject, this ruling disposed of the question. In *Allen* v. *Lenoir*, *ante*, 321, the certificate of the married woman's acknowledgment was a forgery. She had not been seen by the officer, who falsely certified her formal acknowledgment; and we held it competent for the married woman to show the utter falsity of the certificate. It was a forgery and a fraud, and the right of the party to be affected by it to show its true character could not be denied. The question now before us is not, whether the officer who made the certificate can testify to impeach it. That was settled in the negative in *Stone* v. *Montgomery*, *ubi supra*. Nor is the question here, whether a certificate of acknowledgment can be shown to be a fraud and forgery. We held it could be in *Allen* v. *Lenoir*, and we adhere to that view. The precise question is this; viz., the deed having been signed by the husband and wife, and she having appeared before an officer competent to take her acknowledgment and having acknowledged it in some manner, and he having certified on the deed that she had acknowledged on a private examination, separate and apart from her husband, that she had executed the deed freely and voluntarily, without any fear, threats or compulsion on the part of her husband, can the truth

of the certificate, as to its statements, be questioned as against a *bona fide* purchaser ?

In Pennsylvania the settled doctrine is that the official certificate of acknowledgment is conclusive of every fact appearing on the face of the certificate ; and that evidence of what passed at the time of the acknowledgment is not admissible to impeach the certificate, except in cases of fraud or imposition in obtaining the acknowledgment, and when knowledge of it or of some circumstance sufficient to put him on inquiry is brought home to the grantee. *Withers* v. *Baird*, 7 Watts, 227 ; *Jamison* v. *Jamison*, 3 Whart. 457 ; *Barnet* v. *Barnet*, 15 S. & R. 72 ; *Schrader* v. *Decker*, 9 Penn. St. 14 ; *Louden* v. *Blythe*, 27 Penn. St. 22 ; *Michener* v. *Cavender*, 38 Penn. St. 334 ; *Hall* v. *Patterson*, 51 Penn. St. 289.

Chief Justice Hemphill said, speaking on this subject, " But it seems to me, as well upon principle as authority, that the certificate must be conclusive of the facts therein stated, unless fraud or imposition is alleged." *Hartley* v. *Frosh*, 6 Texas, 208, 216. The Supreme Court of Ohio, citing the Pennsylvania and Texas cases, announced substantially the same doctrine. *Baldwin* v. *Snowden*, 11 Ohio St. 203. The same doctrine was announced at an early day in Maryland. *Bissett* v. *Bissett*, 1 Harris & M'Henry, 211 ; *Ridgely* v. *Howard*, 3 Harris & M'Henry, 321. In *Jamison* v. *Jamison, ubi supra,* the court says, " The judge or justice of the peace, in taking an acknowledgment, acts judicially, not ministerially. The law imposes on him the duty of ascertaining by his own view and examination the truth of the matters to which he is to certify, and points out precisely his duty. Having thus intrusted him to see that the proper forms are observed, his solemn certificate that they have been observed, on the faith of which parties act, contracts are proceeded in, moneys are paid and deeds accepted, must, in the absence of fraud or collusion, be considered as entitled to full faith and credit ; and cannot, without rendering titles to real estate exceedingly insecure, be left at any distance of time afterwards to the uncertainty and frailty of parol proof, and to all the mistakes, prejudices, imperfections and hazards that attend it."

Whether the officer taking an acknowledgment acts judicially, or *quasi* judicially, or both judicially and ministerially, he is the person to whom our law, in the effort to protect married women from the coercion of husbands in the execution of deeds, intrusts the duty of ascertaining by her declaration made apart from her husband that she has acted freely in executing the deed acknowledged; and when a married woman *has appeared before a proper officer*, having signed a deed and acknowledged it, and he certifies a full compliance with the statute, his certificate, except in cases of fraud, must be held *conclusive of the facts it asserts.* Any other rule will open wide the door for fraud upon grantees of married women. It is better to run the risk of occasional wrong to married women by officers taking their acknowledgments of deeds, than of producing the incalculable mischief of inviting efforts on the part of married women to vacate their deeds. There is far more danger that deeds of married women will be improperly sought to be set aside, if it can be done by questioning the *manner* of acknowledging them, than that wives will be imposed on in acknowledging deeds. The law appoints the officer taking acknowledgments as the protector and guardian of a married woman *pro hac vice.* Faith and credit must be given to his official act. When the married woman actually appears before the officer to acknowledge her deed, his duty of protecting her against acting from the coercion of her husband arises, and she should not be allowed to impeach the official certificate as to its statement of the manner in which this duty was performed by the officer. As between grantor and grantee a conclusive presumption must be indulged that the officer intrusted by law with this duty, and before whom the married woman came to acknowledge the deed, did his duty when called on to perform it.

When a married woman appears before an officer to acknowledge her deed, it is made by law his duty to inquire of her separately and apart from her husband as to her freedom from fear, threats or compulsion of her husband in the execution of the deed; and it is his duty to decide upon this, and to certify the acknowledgment. His decision thus made and duly certi-

fied imports verity as to all persons acting on the faith of his official certificate in due form of law, and without any knowledge of any wrong or irregularity or of any circumstance to excite inquiry and point to such wrong or irregularity. The appearance of the person before him to acknowledge is the occasion for the performance of his duty by the officer; the proposal to acknowledge the deed before him is the circumstance which calls into exercise the legal power to examine as to the execution of the deed, and to decide the sufficiency of the statement made as to that; and then, in certifying, he is declaring his conclusion upon the fact he is called to decide. His official act thus solemnly performed must have sanctity, at least to the extent of being a safe reliance for every one who in good faith acts in the belief that it is true as stated.

But where the person never appeared before an officer to acknowledge the deed, but he falsely certifies that she did, his act is wholly without authority of law, and void *in toto.* All must be subject to the risk of an occasional forgery by officers authorized to take acknowledgments. Although liable to be deceived and imposed on by such an act, no one can claim that a married woman's estate should be divested by forgery; and when she did not in fact appear before the officer to acknowledge, although he may certify that she did, she may show she did not, for his act is *wholly without authority,* and she but rights herself and wrongs no one in proving the truth of the case, for no one can claim by virtue of a forgery. The law requires no other evidence of the acknowledgment of a deed by a married woman but the prescribed official certificate. Indeed, no other evidence of acknowledgment besides the official certificate can be received. A cloud of witnesses attesting the fact of the fullest acknowledgment will not supply the want of the official certificate of acknowledgment or an omission in it when made. The certificate, being the only evidence, must be conclusive except when fraudulent, and the grantee has this character of it brought home to him.

The decree is in accordance with this view, and is therefore

*Affirmed.*