[No. 7,708.—Department One.]

## JOSE DE ARNAZ *v.* A. G. ESCANDON ET AL.

DEED OF MARRIED WOMAN—ACKNOWLEDGMENT—NOTARY'S CERTIFICATE. The defendants (husband and wife), in consideration of three thousand dollars, made to the plaintiff a deed of conveyance of the land in controversy (the separate property of the wife), and of a house and lot, the deed containing the following provision: "The above sale is absolute. It is understood that the party of the second part will sell and reconvey the above described lands and premises to the parties of the first part, etc., at any time within two years from this present date, upon their paying to him * * * the sum of three thousand dollars, with interest thereon of one and one fourth per cent. per month from this date, interest every six months to be compounded with the principal; but time is of the essence of the agreement or understanding." In an action by the grantee—commenced after the expiration of the two years—to recover possession of a part of the premises conveyed, the answer of the wife alleged and the Court found that her acknowledgment to the deed was taken through an interpreter, who did not correctly interpret the contents of the instrument, but told her it was a mortgage; but it was not alleged, found, or claimed that the plaintiff had any notice of those facts. *Held:* The notary's certificate was conclusive as to the facts stated in it.

ID.—ID.—ID.—DELIVERY.—The delivery by the husband bound the wife; as the grantee might properly regard her execution and acknowledgment of the instrument as evidence of her assent to it.

ID.—DEFEASANCE—MORTGAGE.—As the deed conveyed to the plaintiff the legal title, judgment was rightly entered for the plaintiff.

APPEAL by defendants, Francisca S. de Escandon and Angel G. Escandon, from a judgment for the plaintiff in the Superior Court of Ventura County. HINES, J.

*Williams & Williams*, for Appellants.

The acknowledgment of the said Francisca being necessary to convey her separate estate, no deed was executed by her to the plaintiff. (Civ. Code, §§ 1093, 1186, 1187, 1191.)

There is no provision of the statute authorizing a Notary to take the acknowledgment of a person to an instrument whose language the Notary can not read, speak, or under- stand, and they are only authorized to employ and swear in- terpreters upon taking the proof of instruments. (Civ. Code, § 1201.) No authority can be found sustaining the position that the certificate of the Notary is conclusive.

*R. F. Del Valle* and *Walter D. Stephenson,* for Respondent.

Defendant Francisca S. de Escandon did sign, execute, ac- knowledge, and deliver the deed of the premises in contro- versy.

If a deed is found in grantee's hands, a delivery and ac- ceptance are always presumed. (3 Wash. on Real. Prop. 294; *Houston* v. *Stanton,* 11 Ala. 412; *Cutts* v. *York Co.,* 18 Me. 190; *Canning* v. *Pinkham,* 1 N. H. 353; *Ward* v. *Lewis,* 4 Pick. 518.)

A grantor, by the execution and acknowledgment of the deed, admits the delivery. (*Bensley* v. *Atwill,* 12 Cal. 231; Civ. Code, § 1055.)

The statements of the interpreter of what the party says are treated as identical with those of the party himself; and therefore may be proved by any person who heard them, without calling the interpreter. (1 Greenl. Ev., § 183; *Cam- erlin* v. *Palmer Co.,* 10 Allen, 541.)

" A notary's certificate of acknowledgment of an instru- ment is conclusive, if the facts required are stated therein, unless it affirmatively appear that there was fraud, duress, or imposition connected with the acknowledgment, and that the grantee or mortgagee had notice of such fraud, duress, or im- position." (*Grant* v. *White,* 57 Cal. 141 ; *Hartley* v. *Frosh,* 6 Tex. 208; *Heeter* v. *Glasgow,* 79 Pa. 79; *Graham* v. *Anderson,* 42 Ill. 514; *Monroe* v. *Poorman,* 62 Id. 523 ; *Johnston* v. *Wal- lace,* 53 Miss. 335.)

Ross, J.:

Neither the pleadings nor the findings in this case are what they ought to be. We are opinion, however, that the judg- ment must be affirmed.

From the findings it appears that the land in controversy,

called the Rancho Los Pitos, was conveyed in June, 1874, to the defendant Francisca Escandon, then and still the wife of the defendant Angel Escandon, by deed of grant, bargain, and sale, which deed expressed a money consideration; and it seems to be conceded on both sides, that the facts found by the Court in relation to the conveyance show that the rancho thereby became the separate property of the wife. It further appears from the findings, that in August, 1874, the defendants Escandon became indebted to the plaintiff in the sum of six hundred dollars, to secure the payment of which they executed to him a mortgage on the rancho. This debt, with the accumulated interest, amounted on the twenty-eighth of November, 1876, to eight hundred and thirty-four dollars and eighty-five cents. At that time the defendant Angel was also indebted to the plaintiff in the further sum of eight hundred and thirty-five dollars and fifteen cents, and was indebted to one Ruiz in the sum of one thousand one hundred and sixty dollars, which latter indebtedness was secured by a mortgage on the house and lot on which he and his wife resided, in the town of San Buenaventura. Under these circumstances the defendant Angel and the plaintiff entered into an arrangement by which the former agreed to sell and convey to the latter the rancho and the house and lot, in consideration of the discharge and satisfaction by the plaintiff of the indebtedness due him from the defendants Escandon, and of the indebtedness due him from the defendant Angel, aggregating one thousand six hundred and seventy dollars, and of the assumption by the plaintiff of, and his agreement to pay, the indebtedness of the defendant Angel to Ruiz; and of the payment by plaintiff to the defendant Angel of the further sum of one hundred and seventy dollars in cash; and of the agreement on the part of the plaintiff that the defendants Escandon should have the privilege of repurchasing the rancho and the house and lot at any time within two years after the twenty-eighth of November, 1876, upon the payment to plaintiff of three thousand dollars, with interest thereon at the rate of one and one quarter per cent. per month, compounded every six months.

Pursuant to this agreement the plaintiff, on the twenty-eighth of November, 1876, paid to the defendant Angel one

hundred and seventy dollars in cash, and canceled the before-mentioned indebtedness to him, surrendered the evidence of that indebtedness, released of record the mortgage held by him on the rancho, and gave to the defendant Angel a written promise to pay the Ruiz debt when it should become due—in consideration of all which the defendant Angel delivered to the plaintiff a grant, bargain, and sale deed, signed and acknowledged by himself and his wife, for the rancho and the house and lot, which deed contained the clause: "The above sale is absolute. It is understood that the party of the second part will sell and reconvey the above described lands and premises to the parties of the first part, their heirs, executors, and administrators, at any time within two years from this present date, upon their paying to him, in gold coin of the United States, the sum of three thousand dollars, with interest thereon of one and one fourth ($1\frac{1}{4}$) per cent. per month from this date, interest every six months to be compounded with the principal; but time is of the essence of this agreement or understanding."

In her answer the defendant, Francisca, avers that the notary taking her acknowledgment failed to make known to her the contents of the deed; that the acknowledgment was taken through an interpreter, who did not correctly interpret the contents of the instrument, but told her it was a mortgage to secure the payment of the sum of three thousand dollars, with interest; and the Court below so finds. But it is not alleged, found, or claimed that the plaintiff had any notice of those facts. It is clear, therefore, that the notary's certificate is conclusive as to the facts stated in it. (*Grant* v. *White*, 7 Pac. C. L. J. 192; Jones on Mortgages, vol. 1, § 538; *Baldwin* v. *Snowden*, 11 Ohio St. 203.)

Being conclusively bound by the certificate of acknowledgment, which shows her knowledge of the contents of the deed, and having permitted her husband to take and use it according to his own judgment, the wife has no right to complain that he delivered it in accordance with its terms and manifest purpose. "Under such circumstances," as said by the Court in the case last cited, "a delivery by him must bind her as well as himself. The grantee may properly regard her execution and acknowledgment of the instrument as evi-

dence of her consent to its delivery; and if, without notice of her dissent, it is delivered by the husband, she can not afterward be permitted to question his right to do so, without allowing a fraud to be practiced against the grantee. Were it otherwise, a large majority of all the deeds executed by husband and wife within this State, have never been delivered by the wife, and would not bind her."

The findings show that the time allowed by the terms of the deed for the repurchase of the property by the grantors expired, without any offer on their part so to do; and as the deed conveyed to the plaintiff the legal title, the Court below rightly gave him judgment for possession of the premises.

But the Court also found that the plaintiff did not pay the Ruiz debt when it became due, nor at all; and that, as a consequence, the latter commenced an action to enforce its payment and to foreclose the mortgage securing it, in which action judgment went for the plaintiff, under which the house and lot were sold and subsequently conveyed to Ruiz by the Sheriff. Whether or not there was a judgment over against the defendant Angel does not appear either in the pleadings or findings. We are not, therefore, called on to consider what would be the effect of such fact, if it exists.

Judgment affirmed.

McKINSTRY J., and MORRISON, C. J., concurred.