[No. 14903.    In Bank.—March 3, 1894.]

GEORGE LE MESNAGER, EXECUTORS, ETC., ET AL., RESPONDENTS, JOSÉ MASCAREL, INTERVENOR, *v.* ADELAIDE E. HAMILTON, APPELLANT, ET AL., DEFENDANTS.

MORTGAGE—FORECLOSURE—SEPARATE PROPERTY OF WIFE—EVIDENCE— CONTRADICTORY CERTIFICATE OF ACKNOWLEDGMENT—DELIVERY.—IN an action to foreclose a mortgage upon the separate property of a wife, executed by the husband and wife at a time when the acknowledgment of the wife was essential to the validity of the mortgage, it is error for the trial court to refuse to allow the wife to prove that she never in fact appeared before the notary certifying to the acknowledgment attached to the mortgage, and that she did not acknowledge the mortgage or know any thing about its delivery to the mortgagees.

ID.—CERTIFICATE OF ACKNOWLEDGMENT NOT CONCLUSIVE—PAROL EVIDENCE—FABRICATION.—A certificate of acknowledgment is not conclusive evidence of the fact of acknowledgment, but it may be impeached by parol evidence that the person named therein never in fact appeared before the officers certifying to the acknowledgment. In such a case the act of the officer is wholly void, and the certificate is nothing but a fabrication.

ID.—KNOWLEDGE OF MORTGAGEE—PROTECTION OF BONA FIDE PURCHASER. It is only where the wife in fact appears before the officer that his certificate imports verity in favor of *bona fide* purchasers without knowledge of irregularity; but where she does not in fact so appear it is not necessary for the wife to show or offer to show fraud or bad faith upon the part of the mortgagee, or that he had notice of the falsity of the certificate. The failure of the mortgagee to ascertain that the mortgage was never in fact executed by the wife cannot be allowed to defeat the rights of the wife to her property if she was without fault.

ID.—EXECUTION OF WRITTEN INSTRUMENT—DELIVERY.—The word "execute," when applied to a written instrument, unless the context indicates that it was used in a narrower sense, imports the delivery of the instrument.

ID.—PLEADING—DENIAL OF EXECUTION—ISSUE AS TO DELIVERY.—Where a complaint in a foreclosure suit alleges that the defendants did "execute under their hands and seals and deliver" the mortgage, an answer of one of the defendants denying that she executed the mortgage referred to is sufficient to put in issue the fact of the delivery and every other fact necessary to its execution, although there is no specific denial of the delivery alleged.

ID.—WAIVER OF OBJECTION.—Where no specific objection was made to the admission of evidence that the wife had never in fact acknowledged the execution of the mortgage, nor known of its delivery, upon the ground that her answer admitted the fact of delivery, such objection is waived.

ID.—EVIDENCE—OBJECTION FOR FIRST TIME UPON APPEAL.—Where evidence is objected to as incompetent, irrelevant, and immaterial, upon a particular ground, a contention that it was inadmissible for another reason cannot be raised for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. H. Bentley, J. R. Du Puy,* and *R. Dunnigan,* for Appellant.

*Stephen M. White, Brousseau & Thomas,* and *R. B. Carpenter,* for Respondents.

*Graves, O'Melveny & Shankland,* for Intervenor.

DE HAVEN, J.—The defendants, Samuel Hamilton and Adelaide E. Hamilton, were and are husband and wife, and this is an action to foreclose a mortgage alleged to have been executed by them on January 2,

1889, to secure a promissory note, also executed by them on the same day, for the sum of seven thousand dollars. The complaint contains a copy of the mortgage, and of the certificate of acknowledgment attached thereto. The certificate is that of a notary public, and shows upon its face that the mortgage was duly acknowledged by the defendants upon the day of its date.

The defendant, Adelaide E. Hamilton, filed an answer, in which she avers that the land described in the mortgage was and is her separate property, and in which she also denies that she ever executed or acknowledged the mortgage, and further "alleges that the statement in the certificate of said notary, appended to said pretended mortgage by said notary, reciting and stating that she . . . . appeared before, or was in the presence of, said notary, . . . . is untrue and false."

The case was tried upon the issues thus presented, and resulted in a judgment for the plaintiffs in accordance with the demand of the complaint, and a decree of foreclosure directing the sale of the property mentioned in the mortgage to satisfy the amount adjudged to be due from defendants to plaintiffs on account of the note and mortgage.

The defendant, Adelaide E. Hamilton, appeals.

Upon the trial of the action the appellant offered to prove that she never in fact appeared before the notary certifying to the acknowledgment attached to the mortgage, and that she did not acknowledge the mortgage, or know any thing about its delivery to the plaintiffs. The plaintiffs objected to this evidence upon the general ground of irrelevancy, and particularly because "it made no difference whether the defendant, Adelaide E. Hamilton, was present and acknowledged the mortgage or not, as the certificate of said acknowledgment was conclusive." The objection was sustained, and the appellant was not permitted to prove the facts embraced in her offer.

This ruling was clearly erroneous. At the date of the mortgage sought to be foreclosed an acknowledgment

was essential to the validity of a conveyance by a married woman. Section 1187 of the Civil Code, as it then read, expressly declared that such a conveyance shall have no validity "until so acknowledged," and section 1093 of the same code also provided that "no estate in the real property of a married woman passes by any grant purporting to be executed or acknowledged by her unless the grant or instrument is acknowledged in the manner prescribed by sections 1186 and 1191." Such being the law at the date of the mortgage in question, it is at once seen that the facts offered to be shown were material and relevant, and struck as directly at the existence of the mortgage as would an offer to show that the signatures thereto were forgeries—the acknowledgment of appellant being as necessary a part of the execution of the mortgage by her as her signature. The certificate of acknowledgment was not conclusive evidence of the fact of acknowledgment, and such a certificate may be impeached by parol evidence that the person named therein never in fact appeared before the officer certifying to the acknowledgment. In such a case the act of the officer is wholly void, and the certificate is nothing but a fabrication. (*Johnston* v. *Wallace,* 53 Miss. 331; *Pickens* v. *Knisely,* 29 W. Va. 1; 6 Am. St. Rep. 622; *Donahue* v. *Mills,* 41 Ark. 421; *Meyer* v. *Gosset,* 38 Ark. 377; *Williamson* v. *Carskadden,* 36 Ohio St. 664; *Michener* v. *Cavender,* 38 Pa. St. 334; *Borland* v. *Walrath,* 33 Iowa, 130.) Of course when it appears that a married woman has actually appeared before an officer for the purpose of acknowledging a conveyance, and has made some kind of an acknowledgment, the certificate of the officer in relation to the manner and terms, and as to the fact of the acknowledgment, would be conclusive in favor of a purchaser in good faith, and who has relied upon the truth of the certificate. The difference between such a case and one where the certificate is wholly void is very clearly pointed out by Campbell, J., in *Johnston* v. *Wallace,* 53 Miss. 331, in the following language:

"When a married woman appears before an officer to acknowledge her deed it is made by law his duty to inquire of her separately and apart from her husband as to her freedom from fear, threats, or compulsion of her husband in the execution of the deed; and it is his duty to decide upon this, and to certify the acknowledgment. His decision thus made and duly certified imports verity as to all persons acting on the faith of his official certificate in due form of law, and without any knowledge of any wrong or irregularity or of any circumstance to excite inquiry and point to such wrong or irregularity. The appearance of the person before him to acknowledge is the occasion for the performance of his duty by the officer; the proposal to acknowledge the deed before him is the circumstance which calls into exercise the legal power to examine as to the execution of the deed, and to decide the sufficiency of the statement made as to that; and then, in certifying, he is declaring his conclusion upon the fact he is called to decide. His official act thus solemnly performed must have sanctity, at least to the extent of being a safe reliance for every one who in good faith acts in the belief that it is true as stated. But where the person never appeared before an officer to acknowledge the deed, but he falsely certifies that she did, his act is wholly without authority of law, and void *in toto*. All must be subject to the risk of an occasional forgery by officers authorized to take acknowledgments. Although liable to be deceived and imposed on by such an act, no one can claim that a married woman's estate should be divested by forgery; and when she did not in fact appear before the officer to acknowledge, although he may certify that she did, she may show she did not, for his act is *wholly without authority*, and she but rights herself and wrongs no one in proving the truth of the case, for no one can claim by virtue of a forgery."

The cases of *Banning* v. *Banning*, 80 Cal. 274, 13 Am. St. Rep. 156, and *De Arnaz* v. *Escandon*, 59 Cal. 486, cited by respondents, are not opposed to the principle

declared in the case from which the foregoing quotation
is made.  In *Banning* v. *Banning* the wife acknowledged
the deed through a telephone, and afterwards delivered
the deed, apparently properly acknowledged, to the
grantees, who were not shown to have had any notice
of the manner in which the acknowledgment was taken.
Under these circumstances the court held that the cer-
tificate was conclusive, and that the married woman
could not avoid her deed because of the fact that she
did not personally appear in the actual presence of the
officer certifying to the acknowledgment.  That was all
that was decided there, and that case is authority for
nothing more.  It is true that the court quotes with ap-
proval the following portion of section 538 of Jones on ·
Mortgages: "As to statements of fact contained in a cer-
tificate of acknowledgment which is regular in form,
such, for instance, as the fact that the grantor appeared
and acknowledged the execution of the instrument, they
can only be impeached for fraud.  Evidence which is
merely in contradiction of the facts certified to will not
be received."  This, however, was not necessary to be
said in the decision of that case, and the attention of
the court was not called to the particular question we
are now discussing, and for that reason the language
above quoted cannot be construed as an authoritative
statement by the court of the law which governs a case
like this.

In *De Arnaz* v. *Escandon*, 59 Cal. 486, the facts were
such as to bring it within the rule making the certificate
of acknowledgment conclusive in favor of an innocent
purchaser.  In that case the wife actually appeared be-
fore the notary and acknowledged the deed through an
interpreter, and afterwards delivered the deed to the
grantee, who had no notice of the matters relied upon
to defeat the acknowledgment.  The court held that
upon that state of facts the certificate of the notary was
conclusive of the facts which it recited.  The cases of
*Heeter* v. *Glasgow*, 79 Pa. St. 79, *Cover* v. *Manaway*, 115
Pa. St. 338, 2 Am. St. Rep. 552, *Singer Mfg. Co.* v. *Rock,*

84 Pa. St. 442, 24 Am. Rep. 204, and *Baldwin* v. *Snowden*, 11 Ohio St. 203, 78 Am. Dec. 303, also cited by plaintiffs, were all cases in which the married woman had actually appeared before the acknowledging officer, and the attempt in each was to attack the certificate because of some defect in the manner of the acknowledgment, and neither of them can be considered as sustaining the proposition that a certificate cannot be impeached by evidence showing that the officer was entirely without authority to make it by reason of the fact that the person whose acknowledgment is certified never in fact appeared before the officer for that purpose. We think the distinction between the cases last referred to and the one at bar is a very broad one.

Nor was it necessary for the appellant to show or offer to show any fraud or bad faith upon the part of the mortgagee, or that he had notice of the falsity of the certificate. If the matters offered to be proven in this case are true the appellant never executed the mortgage, and it has no more validity as to her than if her signature was forged thereto; and in such a case, if the wife has done nothing to estop her from showing the attempted fraud upon her rights, it is immaterial whether the persons claiming under the mortgage had notice of the matters affecting its validity or not. Their failure to ascertain that the mortgage was never in fact executed cannot be allowed to defeat the rights of appellant if she was in fact without fault. The plaintiffs were not obliged to advance any money on the mortgage until after first satisfying themselves of its genuineness, and if they failed to make the necessary inquiry, the loss is theirs, and not that of appellant. (*Edgerton* v. *Jones*, 10 Minn. 427.)

It is also claimed by respondent that the answer of appellant admits that she delivered the mortgages to plaintiffs and, therefore, that the error of the court, if any, in excluding the evidence referred to is immaterial. The complaint alleges that defendants did "execute under their hands and seals and deliver" the mortgage

in suit, and appellant, in answering this particular allegation, denies that she executed the mortgage referred to, but does not supplement this with the further denial that she delivered it, and thus negativing the precise language of the complaint. The plaintiffs contend that the failure to use the word "deliver" in the denial referred to was a failure to deny the delivery alleged; but we do not think so. The word "execute" when applied to a written instrument, unless the context indicates that it was used in a narrower sense, as in sections 1185, 1186, 1189, 1190, and 1191 of the Civil Code, imports the delivery of such instrument. (Code Civ. Proc., sec. 1933; *Joseph* v. *Dougherty*, 60 Cal. 358; *Clark* v. *Child*, 66 Cal. 87; *Bagley* v. *McMickle*, 9 Cal. 430.) There is nothing in the answer to indicate that the word execute was there used in any restricted sense, and it must, therefore, be given its ordinary legal signification. The appellant denied that she executed the mortgage, and this put in issue the fact of the delivery, and every other fact necessary to its execution. The plaintiffs did not, in the language used by them, allege any thing more than that the mortgage was executed, and when this was denied the allegation of the complaint upon this point, in its entire scope and meaning, was denied, notwithstanding the appellant did not see fit to notice the unnecessary verbiage contained in plaintiffs' complaint upon the subject of the delivery of the mortgage.

But a complete answer to the contention of respondent on this point is that the objection to this offered evidence was not rested upon the ground that the answer admitted the delivery of the mortgage by appellant, nor is there any thing in the record to suggest that the attention of the appellant was ever in any manner during the trial in the court below called to this alleged defect in her answer.

If it be assumed that the general objection to the effect that the offered testimony was "incompetent, irrelevant, and immaterial," if it had stood alone, would have been sufficient to raise such a question, a point

which it is unnecessary to decide at this time; still, such objection was obviously insufficient for that purpose when the particular ground upon which it was claimed that such offered evidence was incompetent, irrelevant, and immaterial, was stated to be " for the reason that the certificate of the notary was conclusive as to all matters therein contained, and could not be contravened or contradicted by any oral testimony."

There is certainly in this statement not even the most remote intimation that the offered evidence was then claimed to be inadmissible because of the failure of the answer to deny the delivery of the mortgage sued upon, and the respondent cannot successfully raise such an objection here for the first time.

Judgment and order reversed.

FITZGERALD, J., PATERSON, J., HARRISON, J., and GAROUTTE, J. concurred.

McFARLAND, J. (concurring).—I concur in the judgment of reversal; because the objections to the evidence offered by appellant, and sustained by the court, were not based upon any defect in the denials of the answer. The objections and ruling of the court were made solely upon the broad ground that a notary's certificate of acknowledgment of a married woman is always and under all conceivable circumstances, absolutely conclusive. Under this ruling the appellant, although she never appeared before the notary and never knew that he had made a certificate of her acknowledgment, and although she never delivered the mortgage or knew of its delivery, or received any of the money, and never did any act of ratification whatever, would still be forever estopped by the certificate from showing the truth. This, in my opinion, is not the law. At the same time, I do not think that the delivery of the mortgage is denied in the answer. It is true that, in a general sense, " execution" may be said to include " delivery"; but it is quite frequently used in the limited sense of signing, and where

the law requires it, sealing, stamping, acknowledging, etc., a written instrument, so as to make it complete on its face and ready for delivery. And the sense in which it is used can generally be seen from the context. In the case at bar the complaint avers that the defendants "executed under their hands and seals *and* delivered" the mortgage in question. Here "executed" was clearly used in the limited sense, and "delivered" intended as a distinct and additional averment. The answer denies that defendants "executed under their hands and seals," but either inadvertently or intentionally avoids any denial that they "delivered" the mortgage. Now, in answer to such an averment a married woman might truthfully deny the execution in the sense as used in the complaint, if she believed that the acknowledgment was defective; while she might not be able at all to truthfully deny the delivery. And in the case at bar, as appellant refrained from denying the delivery, I apprehend that she could not be convicted on a prosecution for perjury, however clearly it might be proven that she *did* deliver the mortgage. But, as said before, the point was not made at the trial. If objection had been made to offered evidence on the ground that the answer did not deny the delivery, appellant would have been allowed to amend her pleading—if she was really prepared to deny such delivery.

BEATTY, C. J.—I concur in the opinion of Justice McFarland.