## KARCHER v. GANS.

1. The sale of a homestead under a power of sale contained in a mortgage is not a forced sale, within the meaning of Const. Art. 21, § 4 exempting homesteads from forced sales.

2. Under Comp. Laws, § 2451, providing that "an incumbrance by the owner of a homestead shall be of no validity unless the husband and wife * * * concur in and sign the same joint instrument," it is immaterial whether the wife acknowledges the execution of the instrument.

3. Where defendant, with her husband, executed a mortgage on their homestead to secure a loan from plaintiff, the fact that defendant for four years gave no intimation that she had not properly acknowledged its execution as certified by the notary public estopped her from impeaching its validity on the ground that her acknowledgment was defective.

4. Where defendant and her husband executed a mortgage on their homestead, and defendant permitted her husband to take it and use it according to his judgment, she cannot be heard to claim that it was never delivered by her, and so never became a binding instrument.

5. Since an entry into possession of mortgaged property prior to foreclosure is not necessary, the use of the word "entry" in the mortgage in suit was without meaning; and an objection to the auctioneer's affidavit, sheriff's certificate of sale, and sheriff's deed, at a sale on foreclosure, on the ground that no entry into possession had been shown, was not well taken.

6. Since the duty of the sheriff to indorse the amount of the bid on the mortgage note, where he conducts a sale on foreclosure, is an official duty, over which the purchaser has no control, his failure to do so does not affect the validity of the sale, nor justify the exclusion of his certificate of purchase and deed given at such sale from evidence.

7. Since the authority given by plaintiff to his agent to foreclose a mortgage on defendant's property did not give the agent authority to extend the period of redemption, plaintiff was not bound by an agreement for such extension, in the absence of proof of special authority in the agent.

8  Where defendant claims that erasures were made in the certificate of the
    notary to her acknowledgment of execution of the mortgage in suit, and
    the record on appeal fails to show the nature of the erasures, it will be
    presumed that the ruling of the court below which reference thereto
    was correct, and such ruling will no be disturbed.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Hughes county. Hon. LORING
E. GAFFY, Judge.

Action of forcible entry and detainer by Sarah Karcher
against Hattie E. Gans. From a judgment in favor of plaint-
iff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Albert Gunderson, T. W. La Fleiche, W. A. Lynch,* and *T. H.
Null,* for appellant.

When a statute is amended by the form "to read as fol-
lows," the intention is manifest to make the provision follow-
ing a substitute for the old provision. Knox v. Baldwin, 80
N. Y. 610; Goodno v. Oshkosh, 31 Wis. 127; State v. Ingersol, 17
Wis. 631. A revision repeals by implication previous statutes on
the same subject though there be no repugnance. Burlander v.
Railroad, 26 Wis. 76; Summers v. Bradley, 27 Wis. 689; Moore .
v. Railroad, 34 Wis. 173; State v. Sterdt, 31 Kan. 245; Harrold
v. State, 16 Tex. App. 157; Ellis v. Paige, 1 Pick, 43; Snyder
v. Staples, 66 Wis. 167; Shannon v. People. 5 Mich. 71; U. S.
v. Tynen, 11 Wall. 88; Mears v. Stewart, 31 Ark. 17.
A subsequent statute revising the whole subject of a for-
mer one, and evidently intended as a substitute for it, repeals
the former, although it contains no words to that effect. Gid-
dings v. Cox, 31, Vt. 607; Mason v. White, 1 Pick, 452; Bart-
lett v. King, Mass. 537; Goddord v. Boston 20 Pick, 407.

A mortgage of the homestead even though the husband and wife sign and execute the same joint instrument, is invalid and cannot be enforced. Frits v. Frits, 32 Ark. 327; Webb v. Davis, 37 Ark. 551; Sears v. Dixon, 33 Cal. 326; Haskins v. Litchfield, 31 Ill. 137; Board v. Beale, 98 Ill. 248; Eyster v. Hathaway, 50 Ill. 521; VanZant v. VanZant, 23 Ill. 536; Moon v. Titman, 33 Ill. 358; Peck v. Ormsby, 8 N. Y. Sup. 372; Stewart v. Sutton, 48 La. Ann. 1073; Colvin v. Woodard, 41 La. Ann. 630; Bank v. Dickinson, 10 S. E. 446; Ellerman v. Werz, 14 S. W. 333; Lone Star Brew. Co. v. Felder, 31 S. W. 524; Building & Loan Ass'n v. Logan, 33 S. W. 1088; Lanahan v, Sears, 102 U. S. 318; Fallihee v. Whittmayer, 9 S. D. 479.

The certificate of acknowledgment is only *prima facie* evidence of its own genuiness, as well as of the facts therein stated. Borland v. Walrath, 33 Ia. 130; Dodge v. Hollinshead, 6 Minn. 26; Annon v. Folson 6 Minn. 500; Edgerton v. Jones, 10 Minn. 429, Landers v. Bolton, 26 Cal. 406. As between the parties, the certificate may be shown by parol evidence to be tainted with fraud or duress. Eyster v. Hathaway, 50 Ill. 522; Williams v. Baker, 71 Pa. St. 482; Hartley v. Frosh, 6 Tex. 208, Johnson v. Van Velsor 43 Mich. 208; Smith v. Ward, 1 Am. Dec. 60.

A sheriff's deed by itself is no evidence of a regular and legal foreclosure of a mortgage by advertisement under the statute. Barman v. Carhartt, 10 Mich. 338. One seeking to obtain possession under a foreclosure by advertisement, assumes the burden of showing a compliance with the statutory requirements. Weir v. Birdsall, 50 N. Y. S. 275; Herbert v. Bulte, 4 N. W. 215. A parol agreement to extend the time for redemption made before the time for redemption

expires is valid and will be enforced.   Brown v. Lawton, 87
Maine, 83; Chase v. McLean, 49 Maine, 375; Fisher v. Shaw,
42 Me. 32; Stetson v. Everitt, 59 Maine, 376; Hesting v.
Darling, 68 N. W. 1087; Taylor v. Dillenburg, 168 Ill. 235.

*Horner* and *Stewart* for respondent.

The term "forced sale" means a sale against the will of
the owner, and does not apply when the owner consents direct-
ly or indirectly to the sale.   Peterson v. Hornblower, 33
Cal. 267; Peterson v. Taylor, 15 Fla. 336;  Jones v. Yookum, 5
Neb. 265; *In re* Cross, 2 Dill. 320;  Smith  v.  Mallone, 10 S. C.
39; Gee v. Moore, 15 Cal. 472; Rector v. Rotton, 3  Neb.  171;
Gans v. Casey, 10 Bush. 92; Godfrey v. Thornton, 46 Wis. 677;
Jordan v. Pick, 38 Tex. 429; Bame v. Craig, 12 Bush. 404;
Smith v. Mare, 36 Ill. 150; Stewart  v. McCay,  16  Tex.  56;
Kennedy v, Stacy, 57 Tenn. 223;  Chamberlain  v.  Lyell, 3
Mich. 448; Dye v. Maine, 10 Mich, 291;  Homestead Associa-
tion v. Enclaw, 7 S. C. 1; Dawson v. Hayden, 67 Ill. 52; Waples
on Homestead and  Exemptions 744.   The  owner  of  a  home-
stead  may  place  an  incumbrance thereon,  the husband   or
wife joining therein.   Godfrey v. Thornton, 48 Wis.  677; 1
N. W. 362.

The authority of an  agent cannot be  established  by  the
statement or acts of the agent, § 3984 Comp. Laws.   Bank v.
Gilman, 4 S. D. 265; Gordon v. Trust  Co. 71  N.  W. 577;  La-
Rue v. St. Anthony, 54 N. W. 806;  Roberts v. Minnesota
Threshing Co. 67 N. W. 607.

The agreement to extend the  time  for  redemption from
mortgage sale must be in  writing to  be  binding.   Wood v,
Conrod, 2 S. D. 405.

CORSON, J. This is an action in forcible entry and detainer, originally commenced in a justice's court, but, upon an answer being filed claiming title to the property by the defendant, it was certified to the circuit court, where the case was tried by the court with a jury, and a verdict directed in favor of the plaintiff. From the judgment and order denying a new trial, defendant has appealed to this court.

The facts may be briefly stated as follows: In February, 1895, Frank A. Keys and the defendant, Hattie E Gans, who was then his wife, executed to the plaintiff a promissory note for the sum of $800, due and payable on the 12th day of January, 1896, and secured the same by a mortgage on the property occupied by himself and the defendant, situated in the city of Pierre. In December, 1895, the plaintiff foreclosed said mortgage by advertisement, under the power of sale contained in the mortgage Before the expiration of the first year of redemption, the defendant paid the interest as provided by statute, and thereupon the period of redemption was extended for the second year. On the 1st day of February, 1899, no redemption having been made of said premises, a deed was issued by the sheriff of Hughes county to the plaintiff and respondent herein for the mortgaged premises. On the 10th day of February, 1899, a notice to quit and vacate the premises was served upon the appellant, and, she failing to vacate the same, this action was commenced in the justice's court, as before stated. Numerous errors are assigned, but we shall only discuss such of them as are pressed in appellant's brief.

The appellant contends, first, that a mortgage given by a husband upon a homestead, and signed by the wife, is void and cannot be foreclosed in this state, for the reason that the fore-

closure proceedings amount to a forced sale of the homestead, and are therefore within the provisions of the constitution of the state prohibiting a forced sale of the homestead. In support of this contention the learned counsel for the appellant cite a number of decisions from different courts which have held such a sale void, but upon a review of these decisions it will be found that they were made under constitutional or statutory provisions entirely different from those of this state. Section 4 of Article 21 of the constitution of this state declares: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws; exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws." It will be noticed that the exemption of a homestead is from a "forced sale," and the same term is used in the statute which was enacted to carry the provisions of the constitution into effect. The theory of counsel for the defense seems to be that a sale made of mortgaged homestead property by advertisement or on execution is a forced sale, within the meaning of this section, but this theory cannot be sustained. Where parties have executed a mortgage in which they have authorized the mortgagee, in case of default in payment, either to sell the property by advertisement, under the statute, or to foreclose and sell the same under a judgment of foreclosure, they have consented to such sale; and the sale is not, therefore, a forced sale, within the meaning of the constitution and law exempting homesteads. Whether the sale is voluntary or forced depends, not upon the mode of its execution, but upon the presence or absence of the consent of the

owner. If the framers of the constitution had intended that the homestead should be exempt from any sale other than an absolute conveyance, they certainly would have prohibited in express terms the giving of a mortgage or otherwise incumbering a homestead, as is done in the constitutions or statutes of several of the states. Thompson, in his work on Homesteads, states the general rule as follows: "The general rule is that statutes creating a homestead exemption do not operate to restrain in any particular the voluntary alienation or mortgage of the homestead, unless it is so expressed. A mere exemption from forced sale does not have this effect." Thomp. Homest. & Ex. § 453; Wap. Homest. p. 714, states the rule thus: "Manifestly, if the homestead has been duly mortgaged by man and wife, they can have nothing to say against its foreclosure on the ground of any remaining homestead rights. All these rights went when they made the mortgage, and the mortgagors are presumed to have had the *quid pro quo.*" The State of West Virginia has a constitutional provision quite similar to our own. It provides as follows: "Any husband or parent residing in this state or the infant children of deceased parents may hold a homestead to the value of $1,000 and personal property to the value of $200, exempt from forced sale, subject to such regulations as may be prescribed by law." Const. W. Va. Art. 6 § 48. The supreme court of that state, in Moran v. Clark, 30 W. Va. 358, 4 S. E. 303, after a full review of the authorities, held: "The sale of a homestead under a deed of trust or under a decree of foreclosure of mortgage thereon is not a forced sale, within the meaning of the constitution, which exempts a homestead from forced sale." In Peterson v. Hornblower, 33 Cal. 266, the supreme court of that state gave a construction to the

term "forced sale," as used in their constitution, and that learned court says: "The constitution (Article 11, § 15) provides that 'the legislature shall protect by law, from forced sale, a certain portion of the homestead and other property of all heads of families.' The several homestead acts were enacted to give effect to this provision. A 'forced sale' is not synonymous with a 'sale on execution,' etc. The latter may be, and often is, voluntary in every respect. When the owner consents to a sale under the execution or other legal process, the sale is not forced, but is as voluntary, within the full import of the term, as it is when he directly effects the sale and executes the conveyance. Its quality, as being voluntary or forced, depends, not upon the mode of its execution, but upon the presence or absence of the consent of the owner. If those terms were synonymous, or were so understood by the legislature, the provisions would have been that the homestead shall not be subject to sale under execution or other legal process. As the clause now stands, and with the interpretation contended for, no meaning or effect can be given to the word 'forced.'  *  *  *  We remarked that where the owner of the homestead consents to a sale under execution or other legal process, it is not a forced sale.  It makes no difference, in respect to its being forced or vountary, whether he consents directly to the sale, or does the same indirectly, by consenting to or doing those acts or things that necessarily or usually eventuate in a sale. A foreclosure sale, whether under the power of sale contained in the mortgage, or in pursuance of a decree, is not a forced sale, within the meaning of the constitution or the statute." 15 Am. & Eng. Enc. Law (2 Ed.) p. 664; Jones v. Yoakam, 5 Neb. 265; Gee v. Moore, 14 Cal. 472; Rec-

tor v. Rotton, 3 Neb. 171; Patterson v. Taylor, 15 Fla. 336; Smith v. Mallone, 10 S. C. 39; Dawson v. Hayden, 67 Ill. 52; Dye v. Mann, 10 Mich. 291; Chamberlain v. Lyell, 3 Mich. 448; Stewart v. Mackey, 16 Tex. 56; Smith v. Marc, 26 Ill. 150; Godfrey v. Thornton, 46 Wis. 677, 1 N. W. 362. It is quite clear, both on principle and authority, that the contention of the appellant that, as the property was a homestead, the mortgage was void, is without merit.

Appellant calls our attention to the provisions of Chapters 76 and 77 of the Laws of 1891, and contends that these provisions have materially changed the law of this state; but, in the view we take of them, they do not affect the question now under consideration.

It is further contended on the part of the appellant that the court erred in sustaining the objections of respondent to a number of questions propounded to the appellant when a witness on her own behalf, which were, in effect, as to whether or not she had acknowledged the mortgage in controversy before one T. H. Conniff, as notary public. The mortgage itself contains the certificate of T. H. Conniff, under his seal as notary public, certifying that on the 12th day of January, 1895, the said appellant, under her then name of Hattie E. Keys, appeared before him and duly acknowledged the mortgage. The testimony of the witness was apparently offered for the purpose of impeaching this certificate of the notary. The decisions of the courts are not in harmony upon the question of the admissibility of evidence to contradict the certificate of the notary in any case, and we do not deem it necessary to decide that question in this case. It is insisted on the part of the respondent that, as it is conceded the appellant signed the mortgage with her

husband, it is immaterial in this case whether she acknowledged it or not. Section 2451, Comp. Laws, provides as follows: "A conveyance or incumbrance by the owner of such homestead shall be of no validity unless the husband and wife, if the owner is married and both husband and wife are residents of the territory, concur in and sign the same joint instrument." This section was amended by Chapter 76 of the Laws of 1891, but the amendment did not affect the question we are now considering. The section was in effect again amended by Chapter 77 of the Laws of 1891, as to the conveyance of a homestead, but no change was made in regard to incumbrances. It will be noticed, by the section quoted, that the husband and wife must concur in and sign the same joint instrument. Nothing is said in regard to acknowledgment. It would seem, therefore, that, when a wife concurs in and signs the same joint instrument, it is immaterial as to whether or not she has acknowledged the same. This was the view taken of a similar statute in Wisconsin in Godfrey v. Thornton, *supra.* See, also, Lawver v. Slingerland, 11 Minn. 447 (Gil. 330.)

But there is another ground upon which the court's ruling can be sustained. The mortgage had been in existence about four years. The appellant had paid the interest and secured an extension of the time for redemption under the statute, and, so far as the record discloses, prior to the filing of the answer in this case the appellant had made no objection to the mortgage, but had apparently recognized it as valid and binding upon her. Under such circumstances she is estopped from claiming the mortgage was not properly acknowledged by her. In Norton v. Nichols, 35 Mich. 148—a similar case—the supreme court held both husband and wife estopped from impeaching

the mortgage. In that case that learned court said: "Mrs. Norton knew the purpose of the mortgage; and that the mortgagee relied on it as valid, and that it was valid on its face. Instead of attempting to repudiate it and give timely information to Mr. Nichols that the mortgage was not what she had done her best to make it appear, she gave no information, and allowed her husband to reap all the benefits of the loan, only objecting when steps were taken to foreclose it. Whatever may be the rule concerning the formalities needed to bind married women, there is no doubt that they may be estopped by their deliberate conduct as well as any one else. The cases of Sharpe v. Foy, 4 Ch. App. 35, and *In re* Lush's Trusts, 4 Ch. App. 591, are analogous and in point. And the circumstances of this case show that the defendant would be grossly defrauded by the complainant's course if this mortgage is allowed to be set aside. There is no equity whatever in the bill, which on its face is an attempt, without any merit, to evade an honest claim, which could never have been created unless the complainants had both done what they could to create confidence in it. If a court can ever set aside a conveyance for a mere omission which is made out by contradicting an official act where there has been no fault in the claimant—a point which we have no occasion to discuss,—it certainly will not do so when the party complaining has not only consented to the act, but has never taken any course to repudiate it, or to save the grantee from the effects of confidence in its validity." In Godfrey v. Thornton, *supra*, the supreme court of Wisconsin, speaking by Mr. Chief Justice RYAN, quotes with approval from the opinion in Norton v. Nichols, *supra*, and concludes as follows: "Every essential word of this opinion applies with

equal force to the present case." And it seems to us that the same principle should apply in this case. Here, so far as the record discloses, the appellant signed the mortgage without objection, knew that her husband was receiving respondent's money, and yet for four years gave no intimation that she did not properly acknowledge the mortgage as certified to by the notary public. She does not claim that there was any fraud or duress practiced upon her, or that she did not fully understand the nature of the transaction. To permit her, therefore, after so many years, to impeach the validity of this mortgage upon the technical ground that there was a defect in the acknowledgment on her part, would be to allow her to take an unfair advantage of the respondent, who advanced her money in good faith.

It is further contended by the appellant that the mortgage was not delivered by her, but as she joined in the execution of the same with her husband, Frank A. Keys, and he delivered the same, such delivery will be presumed to be with her consent. De Arnaz v. Escandon, 59 Cal. 486; Baldwin v. Snowden, 11 Ohio St. 203. In De Arnaz v. Escandon, *supra*, the supreme court of California says: "Being conclusively bound by the certificate of acknowledgment, which shows her knowledge of the contents of the deed, and having permitted her husband to take and use it according to his own judgment, the wife has no right to complain that he delivered it in accordance with its terms and manifest purpose. 'Under such circumstances,' as said by the court in the case last cited [Baldwin v. Snowden, *supra*], 'a delivery by him must bind her as well as himself. The grantee may properly regard her execution and acknowledgment of the instrument as evidence of her consent to its

delivery; and if, without notice of her dissent, it is delivered by the husband, she cannot afterwards be permitted to question his right to do so, without allowing a fraud to be practiced against the grantee. Were it otherwise, a large majority of all the deeds executed by husband and wife within this state have never been delivered by the wife, and would not bind her.' "

It is next contended by the appellant that the court erred in admitting in evidence the auctioneer's affidavit, sheriff's certificate of sale, sheriff's deed, and also the certificate of the payment of interest and interest in advance. These instruments were objected to on the ground that there had been no entry into possession by the mortgagee prior to the alleged foreclosure, and that the officers' affidavit and certificates were insufficient, and that the officer making the sale made no indorsement upon the note and mortgage of the amount received at the sale. It is insisted on the part of the respondent that the question that there was no entry into possession before foreclosure was not raised at the trial, and is made by appellant for the first time in her brief in this court. But whether raised or not in the trial court is not very material, under the view we take of the question. In some states foreclosures are instituted by an entry upon the property, but in this state no such method of foreclosure is provided. Hence the term "entry," used in the mortgage in this case (probably inadvertently copied from some old form book), is without meaning under our system. The failure of the respondent to perform the idle ceremony of making an entry upon the property constituted no ground for excluding the various instruments offered ·in evidence. Neither did the fact that the sheriff omitted to indorse

the amount of the bid upon the note and mortgage constitute any ground for excluding the instruments. These were duties required of the sheriff, over which the purchaser at the sale had no control. If the sheriff failed to perform his duty, and the appellant has suffered therefrom, she may have a remedy against the sheriff. The affidavit and certificates of the officers substantially complied with the law.

It is further contended on the part of the appellant that the sheriff's deed was void for the reason that at the time it was executed the respondent had extended the time of redemption, and that that time had not expired, It appears from the evidence that some time prior to the expiration of the last year of redemption, the appellant's attorney and the agent for the respondent in the foreclosure proceedings had several conversations in regard to extending the time of redemption. It is claimed that there was an understanding between the said agent and the appellant's attorney that the period of redemption should be extended 20 days. No written agreement was entered into, and it is not shown that the agent had any authority to enter into this agreement. Notwithstanding the alleged agreement, the sheriff's deed was executed soon after the regular time of redemption had expired by law. We are inclined to take the view that the authority of the agent to foreclose the mortgage did not authorize him to extend the period for redemption, and, assuming that there was such an agreement on the part of the agent as claimed by the appellant, in the absence of competent proof that the agent was specially authorized to make such an agreement the respondent was not bound.

It is further contended on the part of the appellant that the court erred in excluding evidence offered by the appellant

tending to prove that there was a change or erasure made in the certificate of the notary. This question is not presented by the record in such a manner that this court can consider it When the mortgage was offered in evidence there seems to have been some objection to it made by counsel for the appellant on the ground that it appeared there were erasures in the notary's certificate, which was not shown to be in the same condition that it was. What these erasures were does not appear from the abstract, and we must presume, therefore, in favor of the judgment, that the court below ruled correctly in overruling the objection. The judgment of the court below and the order denying a new trial are affirmed.