Woodson *et al. v.* Jones *et al.*

(In Banc.   January 12, 1948.)

[33 So. (2d) 316.   No. 36625.]

**J. W. Conger,** of Winona, for appellants.

No appearance for appellees in this Court.

Argued orally by **J. W. Conger**, for appellants.

**Alexander, J.,** delivered the opinion of the court.

Bill was filed by appellants to cancel a deed of trust and conveyances subsequent to the trustee's deed which followed its foreclosure. The basis of the action is the alleged forgery of the deed of trust.

The lands in question were owned by Jodie Woodson, one of the appellants, at the time the deed of trust was given, and was in possession of her son, Linwood Woodson, as a tenant.

Linwood Woodson testified that his mother did not sign nor deliver the deed of trust and knew nothing thereof; that he himself forged her name thereto, adding thereto his own signature. The mother testified to the same effect. Both witnesses were corroborated by a production of the original signature upon the secured note. The name of Jodie Woodson was spelled as "Joda," a form that was always used by the son and never by her. Both were caused to write the name of "Jodie Wilson" and the form "Joda Wilson". Expert wisdom is not needed to support the conclusion that the notes and deed of trust were not signed by Jodie Wilson but by her son.

There was no contradictory testimony. The learned chancellor may have invested the jurat of the attesting officer with too large a degree of presumption. The officer had died and reliance was placed upon his certificate that the parties "personally appeared" before him and "acknowledged that they signed and delivered" the trust deed. Conceding the prima facie effect of such certificate, it was not sufficient to overcome the testimony of the witnesses in court, particularly when corroborated by the

production of the genuine signatures of Linwood Woodson and of Jodie Woodson.

We are of the opinion that the evidence of forgery is so overwhelmingly against the weight of the prima facie case made by the certificate of the notary as to constitute manifest error.

The deed of trust being a nullity, the trustee's deed and all subsequent deeds to said lands conveyed no title. Johnston v. Wallace, 53 Miss. 331, 24 Am. Rep. 699; 27 R. C. L., Vendor and Purchaser, Sec. 437; 66 C. J., Vendor and Purchaser, Sec. 911; Cf. Mallory v. Walton, 119 Miss. 396, 81 So. 113.

We do not find that the rights of appellants were impaired by laches or waiver. Henry Jones, a brother-in-law of Jodie Woodson, was the purchaser at the trustee's sale. The appellees are the grantees from his heirs. After the foreclosure, there was no substantial change in the handling of the property. Linwood Woodson continued to live upon and cultivate the land as before. There was no attornment to Henry Jones. It was testified that the true owner learned for the first time of the forgery after the death of Henry Jones.

Response to other assignments of error is pretermitted in view of our conclusions above.

Reversed and decree here for appellants