IDA A. BRADFORD, ADMINISTRATRIX OF THE ESTATE OF LOUIS BRADFORD, DECEASED, APPELLANT, V. ADOLF ANDERSON ET AL., APPELLEES.

FILED JUNE 20, 1900. No. 9,258.

1. **Constructive Notice.** Actual knowledge of the existence of a real estate mortgage is as binding as constructive notice thereof.

2. ——: SENIORITY OF LIENS. When one furnishes materials for the erection of a house with actual knowledge of an outstanding unrecorded mortgage, his lien for materials is junior to the lien of the mortgage.

3. **Finding:** EVIDENCE. A finding unsupported by evidence will be set aside.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Decree modified.*

*Montgomery & Hall,* for appellant.

*Wright & Thomas* and *V. O. Strickler, contra.*

NORVAL, C. J.

On February 2, 1893, Adolf Anderson and wife gave a mortgage on certain real estate in the city of Omaha to John L. Pierson to secure a note for the sum of $250, which mortgage was not filed for record until July 28, 1893. Subsequently, it is claimed, the mortgage was assigned to Victor Danielson, but the assignment was never recorded. On February 2, 1893, the Andersons borrowed $800 from the Fidelity Trust Company, and on the same day gave a mortgage to secure the payment thereof upon the same property, which was recorded on February 16, 1893. Seven days later this mortgage was assigned to George F. Hubbard, but the assignment was not placed on record. After the execution of the two mortgages, the Andersons purchased of Louis Bradford material for the erection of a house on the mortgaged premises. The first materials were delivered on February 13, 1893, and the aggregate value of all the materials so furnished was $403. Of this sum $235.10 was paid in cash and by materials returned. A mechanic's lien was filed for the balance remaining unpaid on November 14, 1893, and this suit was instituted by Bradford on March 23, 1895, to foreclose said mechanic's lien. Plaintiff having died the cause was revived in the name of the administratrix of his estate. Hubbard and Danielson intervened, by permission of the court, and each filed an answer and cross-petition setting up his mortgage and praying a foreclosure thereof. The averments in the pleadings of the interveners were put in issue by the reply. The court below found that the suit was not commenced as against Hubbard and Danielson until after two years from the date of

28

the filing of the mechanic's lien, and that as to them such lien was thereby barred; that Hubbard's mortgage was the first lien on the premises and the mortgage held by Danielson was the second lien. A decree of foreclosure of the several liens, with their priorities established as above, was entered.

It is insisted that the court erred in finding that plaintiff's cause of action was barred as to the intervening defendants. The finding on that question was doubtless based upon the fact that they were not summoned or made parties defendant until more than two years had elapsed after the perfecting of the mechanic's lien. The assignments of the mortgage to Hubbard and Danielson respectively never having been placed on record, it is insisted that plaintiff had no knowledge of their interest in the premises and that the statute of limitations can not be invoked in their favor. We do not feel called upon at this time to review our decisions upon the point or pass upon the question, as the case can more easily be disposed of on other grounds.

As to the mortgage given to the Fidelity Trust Company, there is ample evidence to sustain the finding that the same was the first lien on the property, although the mortgage was not recorded until after Bradford had delivered to Anderson some of the materials. The evidence reveals the fact that Bradford had actual notice of the existence of this mortgage at the time he delivered the first item of materials. Anderson informed the manager of Bradford's business not only that he was about to make a loan on the property, but had actually mortgaged it to the trust company before any materials were furnished. Therefore, it was quite immaterial when the mortgages were recorded. Hubbard was entitled to the first lien on the property. This must be so, when section 16, chapter 73, Compiled Statutes, is considered. It declares: "All deeds, mortgages, and other instruments of writing which are required to be recorded, shall take effect and be in force from and after the time of delivering

the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, and other instruments, shall be first recorded; *Provided*, That, such deeds, mortgages, or other instruments shall be valid between the parties." It is obvious that under this section a mortgage is effective from the date of its execution as to all persons having actual knowledge of the execution of the mortgage, but only from the date of the record of the instrument is it effective as to creditors and subsequent purchasers in good faith having no notice of the mortgage. This doctrine does not conflict with the holding in *Henry & Coatsworth Co. v. Fisherdick*, 37 Nebr., 207, or *Kilpatrick v. Kansas City & B. R. Co.*, 38 Nebr., 620. In the former case Holmes' mechanic's lien was given priority over the mortgage of Drexel for the obvious reason, as stated in the opinion in that case, p. 216, "A party taking a mortgage on real estate is bound to know whether material has been furnished or labor performed in the erection of improvements on the real estate within the four immediate prior months. Drexel's mortgage was a lien only on the interest of Mrs. Bond in the mortgaged property." Holmes commenced furnishing material on August 5, 1889, which was prior to the existence of the mortgage to Drexel, which, while it bore date August 1, 1889, was not in fact executed until about August 26, the day it was recorded. A sentence is to be found here and there in the opinion in that case which taken alone might lead one to infer that where materials are furnished for the erection of a building prior to the recording of a pre-existing mortgage, the lien of the material-men will have priority, but it was never intended to so announce the rule. In *Kilpatrick v. Kansas City & B. R. Co.*, *supra*, the mortgage was by a railroad company existing wholly on paper, which at the time had acquired no property, right

of way, or franchise whatever, and had taken no steps towards the acquisition of either, further than filing articles of incorporation, and the election of officers. The mortgagee was to furnish substantially all the money necessary for the construction of the proposed railroad, and the money loaned was turned over to the officers of the railroad company to be by them expended in the work of construction. It was held that the mortgagee was a promoter or builder of the railroad, and that the lien of the mortgage was not entitled to priority over the lien for the labor and material employed in the construction. Manifestly that case does not in the least militate against the conclusion reached herein.

The following cases cited by plaintiff are not in point here: *Pickens v. Plattsmouth Investment Co.*, 37 Nebr., 272, 282; *Bohn Sash & Door Co. v. Case*, 42 Nebr., 289; *Chapman v. Brewer*, 43 Nebr., 896; *Wakefield v. Van Dorn*, 53 Nebr., 25. They cite with approval *Henry & Coatsworth Co. v. Fisherdick*, *ubi supra*, on some one of the many propositions decided therein, but the question involved in this case was determined in none of them.

It is clear that Danielson should not have been awarded the second lien, for the reason it was not established that the note and mortgage given by Anderson to Pierson had ever been transferred or assigned to Danielson. The answer and the cross-petition of the latter alleged that the note and mortgage had been transferred and assigned to him and that he was the owner thereof. These averments having been put in issue by the reply, it devolved upon Danielson to establish them on the trial, as to plaintiff. Such proof, however, was not required as to the Andersons, as they did not by any pleading controvert the averments in Danielson's cross-petition. The decree as to Hubbard is affirmed; as to Danielson it is modified, by giving him the third lien, and plaintiff the second lien.

DECREE MODIFIED.