Solt v. Anderson.

---

LUSETTA J. SOLT ET AL., APPELLEES, v. LEWIS C. ANDERSON, APPELLANT.

FILED JANUARY 8, 1903.   No. 9,457.

Commissioner's opinion, Department No. 2.

1. Judgment: PLEADINGS: RECORD: ERROR. A judgment must be in accordance with the pleadings and record as a whole; and if the plaintiff's pleadings, taken together, show that he is not entitled to recover, a judgment in his favor is erroneous, though it would be sustained by the petition and answer.

2. Real Estate: SALE: CONVERSION: HOMESTEAD: EXCEPTION: VENDOR'S INTEREST: PERSONAL REPRESENTATIVE: LEGAL TITLE: SECURITY. As a sale of real property is in equity a conversion of the land into money, except in case of a homestead, the vendor's in- terest passes to his personal representative on his death, and the legal title is considered to be held as security for payment of the purchase money.

3. Personal Representative:   RIGHT OF ACTION:  SPECIFIC PER- FORMANCE. The personal representative of a deceased vendor may maintain a suit for specific performance of the contract under section 335a, chapter 23, Compiled Statutes, 1901.*

4. Homestead: PERSONAL REPRESENTATIVE:  ALLEGATIONS:  FRAUD AND COLLUSION. Unless the property is a homestead, the al- legations of the personal representative in such a suit, at least in the absence of fraud and collusion, are binding upon all per- sons interested in the estate.

5. Allegation of Personal Representative. An allegation by a per- sonal representative in such a suit that the property is a home-

Syllabus by court; catch-words by editor.
* Cobbey's Annotated Statutes, sec. 5185.

stead, is for the benefit of the heirs and can not be said to prejudice them.

6. **Character of Purchase Money.** Ordinarily, the purchase money recovered in such a suit is personalty and is to be distributed as such; but where the land in question is a homestead, so that the proceeds would stand as exempt and in lieu of the land, the purchase money, not exceeding $2,000, is not to be regarded as personalty, but should be turned over to those to whom the homestead would have descended by operation of law.

7. **Heirs at Law: PARTIES: DECREE: PERSONAL REPRESENTATIVE: RECOVERY OF PURCHASE MONEY.** In such case, as the statute requires the heirs at law to be made parties, the decree should provide that they, and not the personal representative, recover the purchase money.

8. **Homestead: CONTRACT FOR SALE: VENDOR: WITHDRAWAL BEFORE EXECUTION AND DELIVERY.** The vendor in a contract for sale of a homestead which has not been acknowledged properly, may withdraw at any time before a deed has been executed and delivered, or the homestead right abandoned pursuant thereto.

9. ——: ——: ——: ——: **DEATH BEFORE ABANDONMENT: RIGHTS OF VENDOR'S SUCCESSORS.** If he dies before conveyance or abandonment of the homestead pursuant to the contract, those who succeed to his rights under the statute may refuse to complete the sale.

10. ——: ——: ——: ——: ——: ——: **MINORS.** In case such persons or some of them are minors, it would seem that there is no way in which such a contract can be carried out. Hence it seems that specific performance of a contract to convey a homestead, not properly executed and acknowledged, will not be granted at suit of either party.

11. **Admission in Answer.** Admission in an answer that a contract for the sale of land was "executed," in the absence of anything to restrict the meaning of that term, admits that it was duly acknowledged when acknowledgment was necessary to make the contract valid and enforceable.

12. **Meaning of "Executed."** But the meaning to be given the term "executed" may be restricted by the context, and will then cover such acts as the pleader obviously intended to refer to.

REHEARING of case reported in 63 Nebr., 734.

APPEAL from the district court for Hamilton county. Action by administratrix to enforce specific performance of contract made with her intestate. Heard below before

SEDGWICK, J.  Judgment for plaintiff.  *Judgment below reversed and dismissed.*

*John M. Day,* for appellant.

*Hon. Eugene J. Hainer, J. H. Smith* and *Daniel A. Scovill, contra.*

POUND, C.

This cause has given the court a great deal of trouble, because of the condition of the pleadings and the many questions to which the peculiar course by which the issues were made up has given rise.  Briefly restated, the case is this: Lusetta Solt, widow and administratrix of Jacob Solt, brought this suit against Anderson, joining the heirs at law of the intestate, as required by section 335a,* chapter 23, Compiled Statutes, setting up a contract "entered into" between said Jacob Solt, in his lifetime, and said Anderson, for the sale of certain land held by Solt, and praying for specific performance thereof.  Nothing appears in the petition to show whether the contract was or was not acknowledged, and the copy attached shows nothing beyond signature and witnesses.  Anderson answered, admitting due "execution" of the contract, and setting up, together with several other defenses not now material, that a perfect title could not be given because of certain judgment liens.  Replying to this, the plaintiff alleged that the property was the homestead of said Jacob Solt and was not subject thereto.  Upon trial on these pleadings, a decree of specific performance was rendered, awarding the money to the widow and heirs at law of the vendor.  From this decree Anderson appeals.

The questions argued arise solely upon the pleadings.  Appellant contends that the plaintiff's pleadings show that the land was a homestead and that the contract for sale thereof was not acknowledged, by reason whereof plaintiff is not entitled to specific performance.  He contends also that the decree awarding specific performance

*Cobbey's Annotated Statutes, sec. 5185.

and giving the purchase money to the widow and heirs at law is at variance with itself under the pleadings, since, if the property was not a homestead, so that an unacknowledged contract for conveyance may be enforced specifically, the purchase money belongs to the personal representative, and is liable for the vendor's debts, while if the purchase money is for the widow and children, and not for the personal representative, it can only be because the property was a homestead, as alleged in the reply, which would bar specific performance unless the contract was properly acknowledged. The appellee contends that the reply stands as denied, and, in the absence of any proof that the land was in truth a homestead, is not to be taken as establishing that fact; that the allegations of the reply can not bind the heirs who are defendants and the parties who recover the purchase money; that the homestead right is solely for the benefit of those entitled thereto, and if they choose to waive it they should have specific performance, though not bound absolutely by the contract of sale; and that the failure of the petition to allege that the contract was acknowledged is cured by admissions in the answer which, it is claimed, admit such to have been the fact.

So long as the petition fails to show that the contract was acknowledged, we think it clear that unless the petition is aided from some other source, taken in connection with the reply it will not sustain the decree. The judgment must be in accord with the pleadings and record as a whole. It is not rendered on the petition and answer only, but on the plaintiff's pleadings, those of the defendant, and the findings of the court. Although the judgment would be sustained by the petition and answer, it is erroneous if the plaintiff's pleadings, taken together, show that she is not entitled to recover, unless the defect is supplied in the pleadings of the defendant. While the affirmative allegations of a reply are deemed to be controverted, so that they must be proved by plaintiff, and evidence in avoidance or denial thereof on the part of the defendant is admissible,

such allegations are as binding upon the plaintiff and as much a part of the case made by his pleadings as allegations of his petition traversed in the answer.

Whether the allegations in the pleadings of the personal representative of a deceased vendor in a suit for specific performance are binding upon the heirs and other persons interested in the estate must depend upon whether the land is or is not a homestead.   The principle upon which such cases turn is expressed in the maxim that equity regards that as done which ought to have been done.   Accordingly, the interest of the estate of a deceased vendee in a contract for sale of land is regarded as realty.   Compiled Statutes, ch. 23, sec. 94.*   In like manner, as a sale of real property is in equity a conversion of the land into money, except in case of a homestead, the vendor's interest passes to his personal representative on his death, and the legal title is considered to be held as security for payment of the purchase money.   *Bender v. Luckenbach,* 162 Pa. St., 18, 29 Atl. Rep., 295; *Hyde v. Heller,* 10 Wash., 586, 39 Pac. Rep., 249.   Accordingly, section 335a, chapter 23, Compiled Statutes, leaves it to the personal representative of the deceased vendor to determine whether he will insist upon specific performance by the vendee.   This conflicts in no way with *In re Reed,* 19 Nebr., 397, because the legal title is in the heirs, subject to the vendee's rights under the contract, and the heirs, who have the full beneficial ownership in case the contract is not enforceable, have a real and substantial interest in a suit to enforce the contract against the estate, in order to contest its validity. Without regard to the character of the land, whether homestead or not, the personal representative of a deceased vendor may maintain a suit against the vendee for specific performance of the contract under section 335a, chapter 23, Compiled Statutes.   The heirs or the persons entitled to the homestead right in succession to the vendor are fully protected by the requirement of the statute that they be joined as parties defendant.   If the property is not a home-

*Cobbey's Annotated Statutes, sec. 4968.

stead, the purchase money recovered is personalty, and is
to be distributed as such.   Hence the personal represent-
ative who is recovering for himself as such representative,
not merely bringing a suit, under provisions of the statute,
for the benefit of those entitled to the proceeds of a home-
stead with which the estate has no concern, must be able,
in the absence of fraud or collusion, to bind all persons in-
terested in the estate by the allegations of his pleadings.
On the other hand, where the land contracted to be sold is
a homestead, under the provisions of section 16, chapter
36, Compiled Statutes,* the purchase-money stands in lieu
of the homestead, as a fund wherewith to procure a new
home.   *Prugh v. Portsmouth Savings Bank,* 48 Nebr., 414.
It is exempt from debts and liabilities of the estate, and
the personal representative has nothing to do with it.
Hence such money is not to be regarded as personalty,
but should be turned over to those to whom the home-
stead would descend by operation of law.   In such
case the personal representative, by whom the action is to
be brought under the provisions of the statute, is a nominal
party only, and the real plaintiffs are those whom the
statute requires to be joined as defendants.   An allegation
of the nominal plaintiff adverse to the interests of these
substantial parties in interest ought not to be held fatal
in case their pleadings make a proper case.   But it must
be obvious that an allegation that the land is a homestead
is in reality a disclaimer by the personal representative of
substantial interest in a suit.   It is for the benefit of the
heirs, since it makes the suit and its proceeds theirs, and
it can not be said to prejudice them.

In view of these principles, we think appellant's con-
tention that the decree is at variance with the pleadings
and with itself, in that it awards the purchase money to
the heirs and not to the administratrix, is not well taken.
The statute requires the heirs to be made parties, and if,
as the pleadings allege, the land was a homestead, it was
not merely permissible but proper that they, the substan-

* Cobbey's Annotated Statutes, sec. 6215.

tial parties in interest, to whom the money belonged, should recover it, so long as they were in court. Had not the pleadings shown the property to be a homestead, the administratrix, to whom the money would have belonged, should have recovered it; but as the record stands, the decree follows the pleadings in this particular.

This brings us to the question whether specific performance can be awarded properly under the pleadings. With respect to the contention of appellee that a vendor of a homestead, who is not bound by the contract of sale, by reason of its defective execution, may, if he choose, waive a right intended solely for his benefit and have specific performance, we agree in all things with the opinion of HASTINGS, C., in *Solt v. Anderson*, 63 Nebr., 734. Not being bound by the contract, the vendor may withdraw at any time before a deed has been executed and delivered, or the homestead right abandoned pursuant thereto. If the vendor dies before conveyance or abandonment of the homestead pursuant to the contract, those who succeed to his rights under the statute have the same power. They are not bound by the contract, on account of its defective execution, and unless they convey or abandon the homestead, they can not be deprived of it. It would seem that in case such persons, or some of them, were minors, as must often happen, there would be no way in which the contract could be carried out; and to enforce specific performance of a contract to which one party is bound, while the other, or his successors, may speculate on the course of events and abide its terms or not as circumstances dictate, would be grossly inequitable. Hence it seems to us that specific performance of a contract to convey a homestead, not properly executed or acknowledged, should not be granted at suit of either party.

It is urged, however, that the pleadings do not disclose a defective contract, for the reason that any defect in the petition is obviated by the answer, under the rule that an omission of essential averments in a petition may be cured by admissions in the answer which supply the facts

whereon the right to relief depends. *Hargreaves v. Tennis*, 63 Nebr., 356. The answer repeatedly admits that a written contract was executed by the parties. "Executed" is a word of wide import. In *Brown v. Westerfield*, 47 Nebr., 399, it was held to include "all acts essential to the completion" of an instrument. And in *Wells v. Lamb*, 19 Nebr., 355, it was held to include delivery of an instrument within the time required by law for its validity. In case of ordinary conveyances, which do not require acknowledgment, an allegation of execution would not embrace a step not essential to validity and effect. *Brown v. Westerfield, supra,* 403. But in case of conveyance of a homestead, it is obvious that the instrument could not be "executed" so as to be of any effect without acknowledgment. Hence, in the absence of anything in the pleadings to restrict the meaning of that term, the admission that a contract for the sale of a homestead was duly "executed" would probably admit that it was duly acknowledged. *Le Mesnager v. Hamilton*, 101 Cal., 532, 35 Pac. Rep., 1054. In this case, however, the admission was made with reference to an ordinary tract, at a time when the record did not disclose that the land was a homestead, and the pleader could not have supposed that he was admitting anything not required in a complete conveyance of the usual type. The plaintiff alleged that the parties had entered into the contract set out in the petition, and the defendant, in all probability, intended only to admit that such contract had been signed and delivered. That was the extent of his admission at the time it was made. The meaning of the term "executed" may be restricted by the context, and will then cover such acts as the pleader obviously intended to refer to. *Le Mesnager v. Hamilton, supra.* In this case it is clear that he referred to the state of facts disclosed by the petition, and his admission ought not to be changed to an affirmation by a subsequent pleading of the adverse party setting up facts of which he had no thought when the answer was drafted.

For these reasons we agree entirely with the judgment

at the last hearing, and recommend that the decree be reversed and the suit dismissed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the action is dismissed.

REVERSED AND DISMISSED.