J. S. GABEL LUMBER COMPANY, APPELLEE, v. IDA M. WEST ET AL., APPELLEES; OCCIDENTAL BUILDING & LOAN ASSOCIATION, APPELLANT.

FILED FEBRUARY 27, 1914. No. 17,634.

Mortgages: MECHANIC'S LIEN: PRIORITIES. A material-man began the delivery of material for which he claimed a lien upon November 30, 1909. Defendant Occidental Building & Loan Association took a mortgage from the landowner, dated November 26, 1909, which it admits was given as security for a loan to provide a fund with which to improve the real estate. The mortgage was

acknowledged on December 1, 1909, and recorded December 6, 1909, and the money was paid upon the mortgage between December 9, 1909, and the following March. *Held*, That the defendant was charged with notice of the intended improvement, and of the fact that plaintiff's right to the lien had attached before the mortgage was acknowledged, recorded, or any money paid upon the loan, and that its lien was junior and inferior to that of plaintiff.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*T. F. Wiles* and *C. S. Polk,* for appellant,

*Samuel B. Iiams* and *Morning & Ledwith, contra.*

LETTON, J.

Action to foreclose a mechanic's lien. The only question in the case is as to whether the plaintiff's lien or the lien of a mortgagee given to the Occidental Building & Loan Association, defendant, is entitled to priority. The district court found that the plaintiff had the first lien. The Building & Loan Association appeals.

It was admitted at the trial that the first delivery of material under plaintiff's lien was upon November 30, 1909. It is also admitted "that the mortgage of the Occidental Building & Loan Association was delivered to it upon the day of its execution." The note and mortgage are dated November 26, 1909; the acknowledgment was taken December 1, 1909, and the mortgage was recorded on December 6, 1909. Defendant insists that the admission that the mortgage was delivered "upon the day of the execution" means that it was delivered on November 26, before any of the material was delivered; while plaintiff insists that the mortgage was not "executed" until it was acknowledged, and that, since it was not recorded until December 6, it was junior to the plaintiff's lien by virtue of the recording act. There is no testimony in the record showing what took place as to delivery when the mortgage was signed. In *Brown v. Westerfield,* 47 Neb. 399, it was held that "an acknowledgment is no part of the deed con-

veying land other than the grantor's homestead, but an unacknowledged deed to such real estate, otherwise perfect, as between the parties, passes the title." In the case of a homestead, we have held that to *execute* a deed to the same means to sign, deliver, and acknowledge, since each of these acts is essential to the validity of the instrument. *Solt v. Anderson*, 67 Neb. 103. Since both signature and delivery are essential to the complete execution of a mortgage, the admission throws no light upon the date when the mortgage was completely executed. The meaning is the same as if it were admitted that the mortgage was delivered on the day it was signed and delivered. It is improbable that the loan company accepted the mortgage before it was acknowledged, and we may presume that it was delivered at that time, which was after the rights of the plaintiff accrued.

In *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207, 217, the owner of the property made a mortgage to one D., dated August 1, 1889, but not recorded until August 26, and executed about that date. The material-men delivered materials before the date of recording of the mortgage. It was held their lien was prior to that of the mortgage. While the language is not entirely clear, it seems that the recording of the mortgage, and not its execution, was considered as the determining date.

In *Bradford v. Anderson*, 60 Neb. 368, under a similar state of facts, the material-man's lien was held subject to the lien of a mortgage because he had actual knowledge of the unrecorded mortgage before any materials were furnished. It is said, after quoting section 16 of the recording act: "It is obvious that under this section a mortgage is effective from the date of its execution as to all persons having actual knowledge of the execution of the mortgage, but only from the date of the record of the instrument is it effective as to creditors and subsequent purchasers in good faith having no notice of the mortgage." See, also, Phillips, Mechanics' Liens (3d ed.) sec. 234.

Furthermore, the petition alleges that the mortgage was given to secure a loan of money made to Neefe "to provide a fund with which to improve said real estate," and that defendant has paid only a small part of that money. The answer "admits that said mortgage was given to this defendant to secure a loan of money made by this defendant to said Adolph C. Neefe to provide a fund with which to improve said real estate, but denies that this defendant has paid only a part of the amount secured by said note and mortgage, * * * alleges the fact to be that this defendant, on and between December 9, 1909, and March 14, 1910," paid to Neefe the full amount secured by the note and mortgage. From these admissions it is clear that, before the mortgage was acknowledged, or recorded, or any money was paid upon it, the defendant was charged with notice of the intended improvements, and of the fact that plaintiff's right to a lien had attached. This being the case, the lien of plaintiff was entitled to priority.

The judgment of the district court was right, and is

AFFIRMED.