KENNETH BRIERLY, APPELLANT, v. FEDERATED FINANCE COMPANY, A CORPORATION, ET AL., APPELLEES.

97 N. W. 2d 253

Filed June 19, 1959. No. 34582.

E. D. Warnsholz, for appellant.

Wagener, Marx & Galter, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an action in equity filed by Kenneth Brierly in the district court for Lancaster County against Federated Finance Company, both as a corporation and as a partnership. The plaintiff, by this action, seeks to have cancelled an alleged promissory note executed by him on December 18, 1956, in the amount of $965.60 and the return of all payments he has made under and pursuant thereto because, as he claims, its provisions violate certain of the inhibitory provisions of the Nebraska Installment Loan Act, being sections 45-114 to 45-158, R. R. S. 1943, as amended. In answer thereto the defendants filed a general denial.

After issues were thus joined both plaintiff and defendants filed motions for summary judgment. The trial court had a hearing upon these motions and in consideration of the pleadings, depositions, interrogatories, admissions, and affidavits on file found there was no genuine issue as to any material fact and that defendants, by reason thereof, were entitled to a judgment as a matter of law. It thereupon sustained defendants' motion for summary judgment and rendered judgment for the defendants, dismissing plaintiff's petition. This was done under and pursuant to the authority granted the trial court by section 25-1332, R. R. S. 1943.

Plaintiff thereupon filed a motion for new trial and has perfected this appeal from the overruling thereof. Appellant says that it is his position that the trial court erred in overruling his motion for summary judgment and sustaining that of appellees, stating: "There is only one relevant question of fact to be decided: Did the promissory note and chattel mortgage executed by plaintiff on December 18, 1956, in favor of Standard Motor Company in the face amount of $965.60 represent a bona fide good faith time price of the Chevrolet auto-

mobile purchased or did it represent a loan of money?"

There is no bill of exceptions. In view thereof the following apply: "Requests for admissions and the answers thereto cannot be considered by this court unless contained in a bill of exceptions." Johnson v. School Dist. No. 3, *ante* p. 547, 96 N. W. 2d 623. "An affidavit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. * * * The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court. * * * A judgment of the district court brought to this court for review is supported by a presumption of correctness and the burden is upon the party complaining of the action of the former to show by the record that it is erroneous. It is presumed that an issue decided by the district court was correctly decided." Peterson v. George, *ante* p. 571, 96 N. W. 2d 627. "In the absence of a bill of exceptions it is presumed that issues of fact presented by the pleadings are established by the evidence, that they were correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment." Johnson v. School Dist. No. 3, *supra.*

Applying the foregoing principles to the record before us we find the judgment of the trial court must be affirmed.

AFFIRMED.