JOHN SCHROEDER ET AL., APPELLANTS, V. HOMESTEAD CORPORATION, APPELLANT, IMPLEADED WITH MARGARET A. WILLIAMS ET AL., APPELLEES, WILLIAM W. FREELAND, INTERVENER-APPELLEE.

107 N. W. 2d 750

Filed March 3, 1961. No. 34870.

*Roy M. Harrop* and *George Evens,* for appellants.

*Roy I. Anderson* and *O'Hanlon & O'Hanlon,* for appellees.

*John S. Barrett,* for intervener-appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an appeal from the district court for Washington County.

The notice of appeal recites that it is from decrees rendered on August 31, 1959, January 4, 1960, and April 12, 1960, and from the overruling of a motion to vacate the judgment and decree or in the alternative the overruling of a motion for a new trial. We do not find a decree of August 31, 1959, in the transcript. We

do find a decree of January 4, 1960. However, this decree is shown to have been set aside by "consent of the parties" and another decree rendered April 12, 1960. It is from that decree and subsequent proceedings that the appeal is evidently taken.

The action seems to have been brought by one John Schroeder as plaintiff against Homestead Corporation, two named parties, and all persons claiming any right, title, or interest in certain described real estate "all in Harrison County, Iowa." The petition refers to one Roy M. Harrop as "co-owner," and Harrop verifies as attorney for the plaintiff. Later Harrop is carried as a plaintiff with Schroeder in the title of pleadings. The "Homestead Corporation" is carried as a defendant throughout, although in its answer referred to later herein is the recital that it is "Now American Cooperative Company, A Corporation."

We are assured in appellant's brief that this is the second appearance of this case in this court. Reference is made to Schroeder v. Homestead Corporation, 163 Neb. 43, 77 N. W. 2d 678. However we find nothing in the record before us to connect that appeal and the instant one save the similarity of names and some facts and contentions of the parties.

Schroeder, Harrop, and Homestead Corporation are recited as appellants.

On November 10, 1960, on motion of appellees the purported bill of exceptions herein was stricken by this court. That order became final.

We here must examine the record, then, under the long-recognized rule that: In the absence of a bill of exceptions it is presumed that issues of fact presented by the pleadings are established by the evidence, that they were correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment. Brierly v. Federated Finance Co., 168 Neb. 725, 97 N. W. 2d 253.

We go then to the pleadings insofar as they relate to the decree rendered herein.

The petition was filed under the Uniform Enforcement of Foreign Judgments Act, sections 25-1587 to 25-15,104, R. R. S. 1943. The petition pleaded the existence of a judgment rendered in the district court for Harrison County, Iowa, and prayed that the judgment be registered in Washington County, Nebraska. An authenticated copy of the Iowa judgment was attached to the petition. It involved a large tract of land along the Missouri River.

Later there was filed by Schroeder and Harrop as "plaintiffs" a praecipe and application for writ of scire facias for execution on the registered judgment and decree.

A notice to show cause was issued and served on several persons. Issues were made up on that notice by parties claiming to own parts of the land in severalty.

The parties so noticed answered and denied generally; several of them, with spouses, alleged ownership of the land involved by record title and adverse possession; they alleged that the land involved in the litigation had all accreted to their land throughout the years and had been in existence for more than 20 years; and some of them alleged actions to quiet title and res judicata. They further alleged that the land involved in fact existed in Washington County, Nebraska, and not in Iowa during all of the time plaintiffs were undertaking to obtain possession in Iowa and that plaintiff's "foreign judgment" was void because of nonjurisdiction of the courts of Iowa over the subject matter of the action. They further alleged that the action was barred by the statute of limitations contained in Laws 1943, c. 130, § 4, p. 436, Vol. 2 A, R. R. S. 1943, appendix, page 663. Schroeder, Harrop, and Homestead Corporation replied denying generally and asserted several affirmative defenses to the allegations of the answer.

The trial court in its decree of April 12, 1960, re-

cited that the trial proceeded for 8 separate days until "all the evidence had been presented by all of the parties"; and that the court in company with counsel had viewed the premises. It found generally against Schroeder, Harrop, and Homestead Corporation and in favor of the appellees claiming ownership. It made several specific findings of fact in accord with its general findings.

It then decreed that the purported judgment of the district court for Harrison County, Iowa, was void. It denied registration of the judgment and the application for the writ of scire facias.

By specific reference, to parties appellees' specific lands, it held that the land was owned by the parties in fee simple, free and clear of any right, title, claim or demand of Schroeder, Harrop, and the named corporation. It cancelled any instruments of record concerning the title to the land and any rights of Schroeder, Harrop, or the corporation therein, and barred them from asserting any claim of right to possession or ownership of lands described in the decree.

Under the rule of law above announced, the judgment of the trial court is affirmed.

AFFIRMED.