**UNITED STATES of America,**
**Plaintiff,**

**v.**

**171.74 ACRES OF LAND, MORE OR LESS, situate IN WASHINGTON COUNTY, NEBRASKA; Ned Tyson, Harry Tyson, Viggo Anderson, Birdie Anderson, and unknown others, Defendants.**

*Cond. No. 148.*

United States District Court
D. Nebraska.
June 30, 1962.

Frederic J. Coufal, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

Reed O'Hanlon, Sr., O'Hanlon & O'Hanlon, Blair, Neb., for defendants Tyson.

Frank L. Burbridge, Arthur C. Thomsen, and Roy M. Harrop, Omaha, Neb., for defendants Schroeder, Harrop and Homestead Corp.

VAN PELT, District Judge.

There is before the court for resolution a dispute concerning title to certain lands which have been condemned by the United States of America.

The land involved has been designated Tract No. A–100E (Nebraska), and is described in the schedule attached to the complaint as a tract of land "situated in Section 7, Township 19 North, Range 12, East of the 6th Principal Meridian, Washington County, Nebraska, said tract being a portion of the accretion land known as Tax Lot 1 * * *." Defendant Ned Tyson, Herman, Nebraska, is listed as "purported" owner. Defendants Schroeder, Harrop and Homestead Corp., now American Cooperative Company, filed a pleading in which they alleged a fee simple title in themselves to certain of the land contained in Tract No. A–100E. Defendants Ned and Irma Tyson answered the pleadings of Schroeder, Harrop and Homestead Corp. and alleged that they are the fee owners of tract A–100E (Nebraska) and that said tract was located within the boundaries of Tax Lot No. 1 in Section 7, Township 19 North, Range 12, East of the 6th P. M. in Washington County, Nebraska. Defendants Tyson further alleged that their ownership of the land in question and its location in Washington County, Nebraska had been determined by the District Court of Washington County, Nebraska and that the judgment of that court was res judicata upon these questions. The foregoing is by no means a full summarization of the pleadings on file, but is sufficient to present the issue presently before the court. It should also be noted that the Schroeder-Harrop-Homestead Corp. claim stems from certain tax deeds issued in Iowa.

As noted, defendants Tyson claim that the judgment of the Nebraska court is res judicata upon the question of ownership, and that this court should follow it. The opposing defendants claim that the Nebraska judgment is void for want of jurisdiction on the ground that there is no such land, nor has there ever been, in Washington County, Nebraska, and consequently the Nebraska judgment should not be followed by this court.

Where a plea of res judicata is interposed it is necessary to examine the prior litigation to determine what its binding effect is in the present litigation. The Washington County action was commenced when Schroeder and Harrop filed a petition under the Uniform Enforcement of Foreign Judgments Act, Secs. 25–1587 to 25–15,104, R.R.S.1943, which attempted to register a judgment of the district court for Harrison County, Iowa in Washington County, Nebraska. Defendants Tyson answered and al-

leged ownership of certain of the land involved. A trial was had, and the parties were represented by counsel. The following pertinent findings were made:

1) That the judgment of the District Court of Harrison County, Iowa was void for the reason that there was no jurisdiction in that court over the land in question since the land was in Nebraska and therefore the Iowa judgment was not entitled to full faith and credit or to registration as a foreign judgment.

2) That Schroeder, Harrop and Homestead Corp. had no right, title or interest in the land in question and that the defendants Tyson were owners in fee simple of the tracts claimed to be owned by them. The court made the following specific holding:

"It is further ordered, adjudged and decreed by the Court that the defendants Ned Tyson and Irma Tyson, husband and wife, are the owners as joint tenants in fee simple, free and clear of any right, title, claim or demand therein of the plaintiffs John Schroeder and Roy M. Harrop, and the defendant Homestead Corporation, now known as American Cooperative Company, of the following tract of land now surveyed, platted and recorded in the records of Washington County, Nebraska, and described as follows:

"'* * * Tax Lot Number One (1) in Section Seven (7), Township Nineteen (19) North, Range Twelve (12), East of the Sixth Principal Meridian; and all in Washington County, Nebraska.'"

The trial court's judgment was affirmed on appeal by the Nebraska Supreme Court. Schroeder v. Homestead Corp., 171 Neb. 792, 107 N.W.2d 750 (1961). The United States Supreme Court denied certiorari. Schroeder v. Williams, 368 U.S. 32, 82 S.Ct. 146, 7 L.Ed.2d 90.

Schroeder et al. are now attempting to collaterally attack this judgment. They do so on the ground previously noted, i. e. that the judgment is a nullity for want of jurisdiction since the land is not in Washington County, Nebraska. They claim that the evidence introduced by them shows that they are the owners of the land and that the land is in Iowa. This evidence is clearly an attempt to relitigate the exact issues determined by the courts of Nebraska. Whether this may properly be done is the key issue for the court to decide.

■ Putting to one side momentarily the presence of the Iowa judgment and assuming that the only litigation involved was the action in the Nebraska courts there could be no question that the action of the Nebraska courts would prevent relitigation of the question of both the location and ownership of this land. Nebraska follows the normal rule of res judicata.

"When a question of fact is once determined on its merits, that question is settled so far as the litigants are concerned and it may not be relitigated between the same parties." Frey v. Hauke, 171 Neb. 852, 108 N.W.2d 228 (1961).

Adherence to this rule by the courts of Nebraska without doubt would mean that the questions of location of the land in Nebraska and its ownership between defendants Tyson and defendants Schroeder, et al. would not be open to inquiry in a subsequent suit in the courts of Nebraska. This conclusion is supported by Anderson v. Anderson, 155 Neb. 1, 50 N.W.2d 224 (1951). It was there held that a previous quiet title action was res judicata in a partition action. In both cases the question involved was ownership of the land in question. In the partition action the two fact questions involved in the earlier quiet title action were sought to be placed in issue. Both questions had been adjudicated in the earlier suit. The Nebraska Supreme Court refused to allow relitigation of the issues. The same principle would govern here. The two crucial facts—location of this land and its ownership—were both determined in the earlier action. Clearly, that question could not be reopened in the Nebraska courts.

While the full faith and credit clause, Art. IV, § 1, is binding only upon state courts Congress has imposed upon federal courts the duty to give full faith and credit to judgments of the state courts. 28 U.S.C.A. § 1738. Wayside Transp. Co. v. Marcell's Motor Express, Inc., 284 F.2d 868 (1st Cir., 1960). Thus, federal courts accord the judgments of state courts the same res judicata effect as the judgment would have in the state. E. g. Oklahoma Packing Co. v. Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447 (1939); Gramm v. Lincoln, 257 F.2d 250 (9th Cir., 1958); Liken v. Shaffer, 64 F.Supp. 432 (N.D.Iowa 1946). Upon this principle the questions of location and ownership not being open for further dispute in Nebraska could not be reopened in this court.

Does the presence of the original Iowa judgment alter this rule? The court does not think so. Defendants Schroeder, et al. argue that the Nebraska court was in error in failing to give full faith and credit to the Iowa judgment. Even if that were true it would not be a basis for relitigating the questions decided by the Nebraska court.

In Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939), the United States Supreme Court passed upon a problem very similar to the one at bar. In that case the courts of Idaho refused to give full faith and credit to a Washington judgment on the ground that the Washington court was without jurisdiction, even though the issue of jurisdiction had been litigated in the Washington matter. In the Idaho action all the parties were before the court. In a federal interpleader action it was urged that the Washington judgment was controlling, and that the Idaho judgment was invalid. The Supreme Court held that the issue of jurisdiction could not be relitigated in the interpleader action. The action of the Idaho court in determining that there was no jurisdiction in the Washington court was necessarily a finding in favor of its own jurisdiction, and that decision, even though erroneous, could only be attacked on appeal, and not collaterally. Applying this case to the facts of the case at bar leads to the same conclusion. The Nebraska court examined into the jurisdiction of the Iowa court and found that the Iowa court did not have jurisdiction, and thus refused full faith and credit to the Iowa judgment. The Nebraska court found that the land was in Nebraska, which was also a finding in favor of its own jurisdiction. This finding was made in a proceeding in which all parties were before the court and the issue of jurisdiction was litigated. That determination, even if erroneous, could only be attacked on appeal. The case was appealed and no relief was granted. Thus, the question of jurisdiction in the Nebraska court has been tried and determined. The finding of jurisdiction is res judicata and cannot now be attacked. The principle is stated in 30A Am.Jur., Judgments, § 267.

"Where a court of one state denies effect of a judgment of another state on the ground of absence of jurisdiction, although there had been a finding of the presence of such jurisdiction in a contested proceeding in the latter state, and the former judgment is not reversed on appeal, it has been held that the later judgment of the former court will be given effect as res judicata." (Citing Treinies, supra.)

The foregoing reasoning finds support in the Restatement of Judgments. In Sec. 10(e) it is said:

"Where in two successive actions between the same parties inconsistent judgments are rendered, the judgment in the second action is controlling in a third action between the parties (see § 42). This rule is applicable to judgments determining the question of jurisdiction over the subject matter. Thus, if in the first action the court determines that it has jurisdiction over the subject matter, but in a second action between the parties the court determines that the court in the first action had no jurisdiction over the

subject matter, then in a third action between the parties the court is bound by the determination in the second action, even though the court in the third action is of the opinion that the court in the first action did have jurisdiction over the subject matter and that the decision of the court in the second action was erroneous."

Comment (d) to Section 42 of the Restatement of Judgments sets forth the following rule:

"If in the first action it is held that one of the parties has the title to the property, and in the second action the prior judgment is not alleged or if it is alleged the court erroneously holds that it is not conclusive, and it is held that the other party has the title to the property, then in a third action the judgment in the second action and not the judgment in the first action is conclusive between the parties."

The question of the location of this land and the question of its ownership have been litigated in the courts of this state. The Nebraska court made a finding in favor of its own jurisdiction when it ruled that the land was in Nebraska. This finding was made in a proceeding in which all the parties were before the court and where that very question was at issue. The decision was affirmed on appeal. If there was error in the determination that the land was in Nebraska or in the determination that defendants Tyson are the true owners that error cannot be asserted in this proceeding. Right or wrong, the judgment of the Nebraska court is binding.

The court finds that tract A–100E (Nebraska) is located within the boundaries of Tax Lot 1, Sec. 7, Township 19 North, Range 12, East of the 6th Principal Meridian in Washington County, Nebraska, and in recognition of the previous actions taken by the courts of Nebraska holds that title to said land is in defendants Tyson, and that defendants Schroeder, Harrop and Homestead Corp. have no right, title or interest

therein. An order will be entered upon preparation by counsel for defendants Tyson and presentation to counsel for defendants Schroeder, et al. The court also requests that the order be presented to counsel for the United States for approval.