JOE BLANCO, APPELLANT, v. GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, ET AL., APPELLEES.

143 N. W. 2d 257

Filed June 3, 1966. No. 36142.

Bertrand V. Tibbels, for appellant.

Wright, Simmons & Hancock, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

BRODKEY, District Judge.

This is an appeal from the action of the district court for Scotts Bluff County sustaining the motion of the defendants for a summary judgment in their favor and dismissing plaintiff's petition for a declaratory judgment.

In his petition plaintiff, Joe Blanco, alleges in sub-

stance that on or about July 21, 1964, he entered into a contract with the defendants for the purchase of a certain used Chevrolet automobile upon a printed form furnished by defendant General Motors Acceptance Corporation, a New York corporation doing business within the State of Nebraska (hereinafter referred to as "GMAC"); and that GMAC claims to own the purported contract. Plaintiff further alleges that GMAC engages in a "general loan-shark business" in Nebraska; that the installment purchase of vehicles, furniture, and appliances has become so common as to become a part of the way of life of the people of the state; that the great majority of the people are compelled to deal with the defendant GMAC in order to maintain their standard of living, but that they are not free agents in entering into such contracts; and further that many of the conditions forced upon the plaintiff and the public generally are not the result of meeting of minds or of contracts entered into voluntarily. Plaintiff specifically alleges that when he signed the contract he was not advised that there were any provisions on the reverse side of same, but that he executed the contract on the front page in triplicate copies which were still attached to each other, and that he did not read the reverse side of the contract at any time prior to signing; and that his mind never met that of the defendants in the execution of the contract as to any provision or condition appearing on the reverse side of the instrument. Plaintiff further alleges that the contract is void because it is ambiguous and unintelligible: that it shows upon its face an intent to defraud all who might sign the same, including the plaintiff, and also an intent to subvert the law and public policy of the state and the criminal statutes of the state, and to authorize GMAC to commit the crimes of larceny and burglary and to exempt it from the consequences of such crime; and that the form attempts to permit GMAC to construe the contract in various ways for various purposes with the intent to defraud the purchasers and

creditors generally, and shows an intent to relieve GMAC of all the restrictive provisions of the law applicable to it.

Plaintiff prays for a declaratory judgment construing said contract, determining whether the same be valid or invalid, and adjudicating the respective rights of the parties "in the circumstances"; and for such other relief as may appear just and equitable. He attaches a copy of the contract as an exhibit to the petition.

In their answer to plaintiff's petition, defendants acknowledge the corporate existence of the separate defendants, and generally deny each and every allegation not admitted therein. Defendants also allege that on July 21, 1964, Joe Blanco and his wife Barbara Blanco negotiated with Kramer Motors, Inc., for the purchase of the Chevrolet automobile in question; and that plaintiff entered into a contract for the purchase of same with John A. Plaster, the authorized representative of defendant Kramer Motors, Inc. A copy of the same contract is attached to their answer as the copy attached to plaintiff's petition. Defendants also allege that the aforesaid John A. Plaster explained certain provisions of the contract to the plaintiff and his wife; that they were given the opportunity to read and examine the contract but declined to do so; that they were never prevented from examining the entire contract, made no inquiry concerning the provisions of it, and did not examine it further; and that immediately after the signing of the contract an exact duplicate copy was given to the plaintiff, but that no further inquiry concerning its terms and conditions were made by the plaintiff or his wife. Defendants further allege that the title to the automobile covered by the contract was taken in the name of "Joe or Bobby Blanco"; and a copy of the certificate of title was attached to the answer as an exhibit and incorporated by reference.

Finally, defendants allege that after the filing of the petition of the plaintiff in this action, a replevin action

was filed in the district court for Scotts Bluff County, Nebraska, being case No. 18385, the object and prayer of which was to replevin the vehicle described in said contract; that thereafter said vehicle was "replevined" from Joe Blanco and Bobby Blanco, the defendants, in that action; and that GMAC is now in possession of the vehicle.

Defendants pray that the petition of the plaintiff be dismissed, that they recover damages, and for any other relief which may to the court be just and equitable.

Thereafter defendants filed a motion asking that the court enter an order granting them a summary judgment in their favor upon all issues presented by the pleadings; and that the court dismiss plaintiff's petition, the motion further stating: "These defendants present herewith the affidavit of John A. Plaster in support of their motion." The affidavit referred to was not attached to the motion as a part thereof, but was filed in the office of the clerk of the district court.

A hearing was had on said motion on May 19, 1965, and on June 8, 1965, the court entered its judgment as follows:

"NOW on this 8th day of June, 1965, this matter came on for decision, the Court having previously heard the Motion for Summary Judgment of Defendants and taken the matter under advisement.

"THE COURT FINDS, after due consideration of the evidence, that the motion of Defendants for summary judgment should be sustained and the action dismissed at the Plaintiff's cost.

"THE COURT FURTHER FINDS that on the date of the hearing, May 19, 1965, Plaintiff asked for and obtained permission to file an affidavit and other matters of evidence, which were not then available, the Court granting him that right, but that said additional evidence has not been forthcoming and the case has been decided against the Plaintiff without consideration of those matters.

"WHEREFOR IT IS ORDERED that the Motion for Summary Judgment heretofore filed by the Defendants, be, and it hereby is, sustained, and the Plaintiff's action is dismissed at Plaintiff's cost."

In his appeal from the foregoing judgment, plaintiff claims error by the trial court in rendering a summary judgment, in dismissing the action, in overlooking issues of fact tendered, and in failing to decide each of the issues tendered by the petition.

It has long been the rule that a judgment of the district court brought to this court for review is supported by a presumption of correctness and the burden is upon the party complaining of the action of the former to show by the record that it is erroneous. It is presumed that an issue decided by the district court was correctly decided. The appellant to prevail in such a situation must present a record of the cause which establishes the contrary. Bulger v. McCourt, 179 Neb. 316, 138 N. W. 2d 18; Brierly v. Federated Finance Co., 168 Neb. 725, 97 N. W. 2d 253; Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627.

We do not have the benefit of a bill of exceptions in this case as the one filed by plaintiff was quashed by this court upon motion of defendants and pursuant to stipulation of the parties.

The law is well established that where the record contains no authentic bill of exceptions, or the bill of exceptions has been quashed, no question will be considered by this court the determination of which necessarily involves an examination of evidence adduced in the trial court, and in such a situation, if the pleadings are sufficient to support the judgment it will be affirmed. Benson v. General Implements Corp., 151 Neb. 234, 37 N. W. 2d 223; Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 816, 77 N. W. 2d 667; Dryden & Jensen v. Mach, 150 Neb. 629, 35 N. W. 2d 497; State ex rel. Weasmer v. Manpower of Omaha, Inc., 161 Neb. 387, 73 N. W. 2d 692. In the absence of a bill of

exceptions, it is presumed that an issue of fact raised by the pleadings was sustained by the evidence and that it was correctly determined. Palmer v. Capital Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396; Peterson v. George, *supra;* Brierly v. Federated Finance Co., *supra.*

Moreover, since the bill of exceptions in this case was quashed we may not consider the affidavit of John A. Plaster referred to in defendants' motion for summary judgment. The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made part of the transcript is not important to a consideration and decision of an appeal of a cause to this court. If such an affidavit is not preserved in the bill of exceptions its existence or contents cannot be known by this court. Peterson v. George, *supra;* Brierly v. Federated Finance Co., *supra;* Bulger v. McCourt, *supra.*

The condition of the record prevents this court from knowing the evidence presented to the trial court or which part of the evidence before it was accepted and acted upon. It must therefore be presumed that the conclusion of the court was justified by the evidence and that it is correct. The fact that the trial court made no findings in its decree also makes it difficult for this court to know what issues were actually considered in the hearing on the motion for summary judgment. In his briefs the plaintiff contends that none of the issues presented were considered, whereas the defendants claim that certain issues specified in their brief were considered and ruled upon. We have no way of resolving this dispute and, under the authorities cited above, must decide this case solely upon the issue of whether the pleadings sustain the action of the trial court.

Nowhere does the plaintiff question the sufficiency of the pleadings to support the judgment, but we have examined them and conclude that they were sufficient. In determining whether or not the pleadings support the judgment, they must be taken as a whole, and con-

strued so as to support the judgment, if capable of such construction. The presumption is that the relief granted is authorized by the pleadings, and the burden is on him who attacks the judgment to show that it was not. 49 C. J. S., Judgments, § 48, p. 108; Solt v. Anderson, 67 Neb. 103, 93 N. W. 205. In making this determination the facts alleged in the pleadings will be accepted as true.

Assuming without deciding that the facts alleged in plaintiff's petition were sufficient to state a cause of action for an interpretation of the contract in question and a declaration of the rights of the plaintiff thereunder, and also presented a "justiciable issue," we note that the answer of the defendants, although admitting the execution of the contract in question by the parties, contains a general denial of the facts, and in addition allegations that the plaintiff did have an opportunity to read the entire contract before signing it and had certain provisions explained to him. It also contained allegations to the effect that after the commencement of this action, a subsequent replevin action was filed to repossess the automobile referred to in said contract, and that said automobile was in fact repossessed.

Considering for a moment the allegations last referred to, it may well have been that the "justiciable issue" between the plaintiff and the defendants was disposed of in that action, and that the question has now become moot. It would obviously have been possible for the plaintiff to raise the same issues and defenses in that replevin action that he attempts to raise in this action, and, if so, said issues must be considered as having been decided against him by the trial court. Since the bill of exceptions in this case was quashed we have no way of knowing what evidence was adduced by the plaintiff and received by the trial court with reference to the pleadings in the replevin action or the defenses raised in said action by the plaintiff herein who was a defendant in the replevin action. The point is that the pleadings, or more specifically the answer of the

defendants herein, is broad enough to permit a consideration of such defense by the trial court in the hearing on the motion for summary judgment. Of interest in this connection is the case of Zendman v. Harry Winston, Inc., 196 Misc. 924, 94 N. Y. S. 2d 878, in which the court held that a judgment declaring the right to ownership and possession of a ring was unnecessary where defendant counter-claimed in replevin demanding the ring or payment of its value, since the issue in both actions was the same and disposition in the replevin action of the question of ownership and right to possession would determine all issues between the parties.

It must also be remembered that the granting of declaratory relief is discretionary with the court and there is no absolute mandate compelling it to exercise its jurisdiction to grant such relief. Carlson v. Bartels, 143 Neb. 680, 10 N. W. 2d 671, 148 A. L. R. 658; Haynes v. Anderson, 163 Neb. 50, 77 N. W. 2d 674; 22 Am. Jur. 2d, Declaratory Judgments, § 9, p. 845, et seq. While the Uniform Declaratory Judgments Act provides that any person interested under a written contract or other writing constituting a contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder, yet under certain conditions the courts will refuse to render declaratory judgments with reference to contracts and the rights growing out of them. Thus, a declaratory judgment will not be granted where there is no actual controversy, where the questions involved have become moot, where the judgment, if rendered, would not terminate the controversy, or where there is another adequate remedy available. 22 Am. Jur. 2d, Declaratory Judgments, § 21, p. 864, et seq. We have held that it is not within the province of this court to determine moot questions. Banning v. Marsh, 124 Neb. 207, 245 N. W. 775; State ex rel. Smrha v. General American Life Ins. Co., 132 Neb. 520, 272 N. W. 555.

The declaration will also be refused, where, in the court's opinion, it is inexpedient for some reason outside the record, such as public policy, or where the question involved might be raised again in some other way. Borchard, Declaratory Judgments (2d Ed.), pp. 302 to 304; Recall Bennett Committee v. Bennett, 196 Or. 299, 249 P. 2d 479.

We note that plaintiff alleges in his petition that the contract in question contravenes the public policy of this state, that the defendant GMAC holds $76,000,000 worth of contracts executed upon the form in question, and that the annual volume of the contracts entered into with this defendant, and with others upon forms with similar provisions, is somewhere between $300,-000,000 and $500,000,000. If true, it is obvious that a general declaration of the invalidity of such contracts in this case might have widespread effects, reaching far beyond this particular case. In Custer Public Power Dist. v. Loup River Public Power Dist., 162 Neb. 300, 75 N. W. 2d 619, quoting from E. K. Buck Retail Stores v. Harkert, 157 Neb. 867, 62 N. W. 2d 288, 45 A. L. R. 2d 774, we stated: "The power of courts to invalidate contracts for being in contravention of public policy is a very delicate and undefined power which should be exercised only in cases free from doubt. It is not the province of courts to destroy the right to contract by enabling parties to escape their contractual obligations on the ground of public policy unless the preservation of the public welfare imperatively so demands." While courts should not be reluctant or niggardly in granting declaratory relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions, and should exercise a maximum of caution where a ruling is sought that would reach far beyond the particular case. Public Service Commission of Utah v. Wycoff Company, Inc., 344 U. S. 237, 73 S. Ct. 236, 97 L. Ed. 291.

In Graham v. Beauchamp, 154 Neb. 889, 50 N. W. 2d 104, we stated: "The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The court's discretion should be exercised with caution."

The trial court may well have determined under the facts before it that it was inexpedient to issue a declaration in the present case and that a determination on the merits should be deferred for some future action "free from doubt" in which the specific issues could be more clearly decided.

We conclude that the trial court did not err in sustaining the motion of the defendants for a summary judgment in this case and that its judgment dismissing the action should be affirmed.

AFFIRMED.