STEVEN H. SCHREINER, APPELLANT, v. IRBY CONSTRUCTION COMPANY, A FOREIGN CORPORATION, ET AL., APPELLEES, OMAHA PUBLIC POWER DISTRICT, GARNISHEE-APPELLEE.

166 N. W. 2d 121

Filed March 21, 1969. No. 37114.

Foulks, Wall & Wintroub, for appellant.

Malcolm D. Young and Cassem, Tierney, Adams & Henatsch, for appellees.

Fraser, Stryker, Marshall & Veach, for garnishee-appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

SPENCER, J.

Plaintiff, on his own behalf and that of all persons similarly situated, sued Irby Construction Company, a foreign corporation, hereinafter referred to as Irby, and Insurance Company of North America, a foreign corporation, hereinafter referred to as I.N.A., and simultaneously instituted garnishment proceedings against the Omaha Public Power District, hereinafter referred to as O.P.P.D., covering payments due or to become due Irby. Motions to quash and discharge the garnishment as being contrary to law and issued without the existence of proper grounds, filed by Irby and garnishee, O.P.P.D., were sustained. Plaintiff perfected an appeal to this court.

Irby is a Mississippi corporation, with its principal place of business in Jackson, Mississippi. Service of process was made by serving its registered agent in Ne-

braska. Irby contracted with the O.P.P.D. for the construction of an electric power transmission line from the vicinity of Rulo, Nebraska, to an area south of Omaha, Nebraska. As part of that contract, Irby as principal, and I.N.A. as surety, executed a payment performance bond in the amount of $852,465.

Plaintiff, who had been employed by Irby as a construction worker from February 25, 1968, to April 23, 1968, alleged Irby violated his agreement to abide by the Fair Labor Standards Act whereby Irby would pay the wage rate to its employees paid by 50 percent or more of the contractors engaged in power line construction in the State of Nebraska. Plaintiff alleged because of Irby's failure to comply, approximately $204,000 is due from Irby to its employees.

Two questions are presented by this appeal: (1) Is O.P.P.D. exempt from garnishment process other than as provided in section 25-1012, R. R. S. 1943, which covers only earnings of officers and employees; and (2) is the waiver of bond provision of section 25-1003, R. R. S. 1943, applicable to a foreign corporation with a certificate of authority to do business in Nebraska?

We determine that O.P.P.D. is subject to garnishment process to the same extent as any electric light and power company by virtue of section 70-667, R. R. S. 1943, which provides in part: "All laws applicable to works of internal improvement, and all provisions of law now applicable to electric light and power corporations, or to irrigation districts, or to privately owned irrigation corporations, the use and occupation of state and other public lands and highways, the appropriation, or other acquisition, or use of water, water power, water rights, or water diversion or storage rights, for any of the purposes contemplated in such statutory provisions, the manner or method of construction and physical operation of power plants, systems, transmission lines and irrigation works, as herein contemplated, shall be applicable, as nearly as may be, to districts organized under sec-

tions 70-601 to 70-672, and in the performance of the duties conferred or imposed upon them under such statutory provisions."

In enacting this statutory provision it must be presumed that the Legislature had in mind the disabilities of public power districts, as political subdivisions of the state, and intended to put them on the same basis as private power corporations, and we so hold. See State ex rel. Dawson County Feed Products, Inc. v. Omaha P. P. Dist., 174 Neb. 350, 118 N. W. 2d 7.

Plaintiff proceeds herein on the assumption that the court sustained the motions to quash only because it held O.P.P.D. was not subject to garnishment. This fact cannot be ascertained from the record presented. No bill of exceptions was filed herein. The motions to quash specifically alleged that said garnishment was contrary to law and that no proper grounds existed for its issuance. If any fact issue was presented, in the absence of a bill of exceptions there is a presumption the trial court's determination of that issue is correct. Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257.

In any event, it is evident from the record that service was had on Irby in Nebraska by serving its resident agent. It is immaterial herein whether Irby complied with the provisions of section 21-20,105, R. S. Supp., 1967, by procuring a certificate of authority to do business in Nebraska, or with section 21-20,122, R. S. Supp., 1967, the domestication procedure. In the latter event, it would become a body corporate of this state. In the former, it secures the benefits of section 21-20,106, R. S. Supp., 1967, which provides, so far as material herein: "A foreign corporation which shall have received a certificate of authority * * * shall * * * enjoy the same * * * rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; and * * * shall be subject to the same duties, restrictions, pen-

alties and liabilities now or hereafter imposed upon a domestic corporation of like character, except corporations not incorporated under the laws of this state are subject to all prohibitions applied to them contained in any other laws or acts of this state."

Section 21-20,106, R. S. Supp., 1967, was obviously intended to give the foreign corporation obtaining a certificate of authority the same standing in the eyes of the law as a domestic corporation except where specifically prohibited by law. In Ford v. Transocean Airlines, Inc., 28 Ill. App. 2d 234, 171 N. E. 2d 225, the Illinois court, in a closely analogous situation, held that a foreign corporation which had duly obtained a certificate of authority in that state, enjoyed all the rights and privileges of a domestic corporation and was not liable to attachment on the grounds of nonresidency as a foreign corporation.

Plaintiff calls specific attention to the last sentence of the statute as negativing Irby's exemption from section 25-1003, R. R. S. 1943. We do not so construe it. We determine that when a foreign corporation has domesticated or has obtained a certificate of authority to do business in Nebraska, it is not subject to the waiver of bond provisions of section 25-1003, R. R. S. 1943, and a bond is required in any attachment proceeding involving it.

For the reasons given, the motion to quash was properly sustained and the judgment is affirmed.

AFFIRMED.